IVINS v. THE ELBINGER SHOE MANUFACTURING CO.

*Attorney and client—Action for services—Error to direct verdict, when—Discharge or withdrawal of attorney.*

In an action by an attorney to recover for legal services rendered in the prosecution of a damage suit, it is error for the trial court to instruct a verdict for the defendant where the plaintiff withdrew from the damage suit after he had completed its preparation, but before trial, there being a dispute as to whether the plaintiff was discharged from further representing the defendant in the suit or whether he withdrew voluntarily, in which event, under the contract, he would not be entitled to recover for the services previously rendered.

(Decided May 16, 1921.)

ERROR: Court of Appeals for Warren county.

*Mr. R. J. Shawhan* and *Mr. Howard W. Ivins,* for plaintiff in error.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

CUSHING, J.   Plaintiff filed an action in the court of common pleas of Warren county, Ohio, on an account, stated in the short form under the statute, to recover for legal services rendered the defendant.   The amount claimed was $1020, with interest from February 25, 1919.

The defendant by answer denied that it was indebted to the plaintiff on an account for legal services rendered in the sum of $1020, or any other sum.

The second paragraph of defendant's answer stated that on May 25, 1917, it entered into a con-

tract with the partnership of Brandon & Ivins, of which plaintiff was a member, by the terms of which the partnership agreed to render legal services to the defendant in an action against the Castle Kid Company of New Jersey; that said partnership agreed to accept as full compensation for such service twenty-five per cent. of the amount recovered; that after said action was commenced in the United States Court, about January 1, 1919, the partnership of Brandon & Ivins was dissolved; that plaintiff refused to render further legal service in that case, and defendant was compelled to and did employ other counsel to prosecute said action.

For a defense to the $20 item stated in plaintiff's account, defendant answered that the reasonable value of the service rendered by the partnership was $36, and that Ivins was entitled to but $17.50.

Replying to defendant's answer, plaintiff admitted the contract between Brandon & Ivins and the defendant, and stated that the action against the Castle Kid Company was for damages in the sum of $226,744.64; that the agreement of dissolution of Brandon & Ivins was as to all matters except undetermined business and cases that had not been fully disposed of; that the defendant was advised of the terms of the dissolution of the partnership, including said arrangement as to pending cases and unfinished business, and that notwithstanding that fact, on February 25, 1919, the defendant discharged plaintiff, and notified him that his services as an attorney were no longer desired. He further replied that there was a recovery in the Castle Kid case in the sum of about $50,000.

At the close of plaintiff's evidence, on defendant's motion, the court instructed the jury to return a verdict for the defendant, and entered judgment on that verdict.

This proceeding is prosecuted to reverse that judgment.

The record presents two questions for determination:

1. Whether the letter of defendant to Howard W. Ivins, dated February 25, 1919, discharged Ivins from further representing the defendant as its attorney in all matters requiring legal services, including the Castle Kid case, or whether Ivins withdrew from that case and under his contract is not entitled to recover for any services rendered prior to February 25, 1919.

2. The value of the legal services rendered in the C., L. & N. matter.

Disposing of the second question, the record of the court does not disclose a tender, nor a confession of judgment. This court will pass on the record as it is, and not as counsel claim it should be. The $20 item was in dispute, and should have been submitted to the jury.

The question involving the larger sum of money is of more importance. The plaintiff claims that he was dismissed by the defendant from rendering any legal services to it, after February 25, 1919. The defendant contends that its letter notified plaintiff that his professional services would not be required after that date generally. As the Castle Kid case was not mentioned in the letter, it was to be presumed that the plaintiff and Brandon would finish that case.

The Castle Kid contract was made with the partnership. The preparation of the case was completed by the partnership, and it came on for trial within a few weeks after the date of the letter of discharge. Prior to the date of the letter in question, the defendant had arranged to and did retain Mr. Brandon in its service.

After February 14, 1919, the defendant wrote the partnership, complaining of its work, the fees charged, and its failure to make certain reports. Then followed the letter of February 25, 1919, to Howard W. Ivins:

"Because of the removal of our main offices to Cincinnati, we find it necessary to regretfully inform you that we are not justified in retaining your valued services for this year of 1919.

"Kindly acknowledge receipt of this letter.

"Yours truly,

"THE ELBINGER SHOE MFG. Co.,

"E. E. Elbinger, *President.*"

On the same day, defendant again wrote the partnership, severely criticising it, particularly as to the amount of fees charged. As Mr. Brandon had been retained by the defendant, the question whether Mr. Ivins was justified in concluding that the charges were directed against him, and that the defendant's letter to him was a discharge from all professional service in connection with its business, was a question for the jury.

Counsel for defendant cite and quote from the case of *Cahill* v. *Baird,* 70 Pac. Rep., 1061, stating

the rule to be that when an attorney withdraws from a case, or is discharged for justifiable cause, he may not recover for the services rendered to such time. Counsel failed to state the facts in that case to which the court applied the law. There the attorney was discharged for the use of improper, insulting and profane language, the employer being a lady of refinement, and recovery was denied on the ground that the employer had the right to discharge the attorney under the facts of that case.

Counsel for defendant also cite and quote from the case of *Tenney* v. *Berger,* 93 N. Y., 524, but again fails to state the facts of the case. In the *Tenney case,* the attorney was employed to conduct certain litigation. The client, without consulting him, employed other counsel, with whom the attorney's relations were such that they could not cordially cooperate. It was stated that the second attorney was employed for the purpose of resorting to methods that the first attorney would not approve or tolerate. He withdrew from the case, and the court found that he was justified and he was allowed to recover for the services he had rendered up to the time of his withdrawal.

These cases seem to be authority against rather than in favor of the contention of counsel for defendant.

The question in this case is whether Mr. Ivins, as an attorney, as stated in 6 Corpus Juris, 726, abandoned his client before the proceeding for which the firm was retained generally had been conducted to a termination, or the letter of February 25, 1919, discharged Ivins from all service in connection with defendant's business, including the

Castle Kid case. The letter itself does not except, or in any way refer to that case. Stripped of all attempt to be polite, it notified Ivins that the defendant was not justified in retaining his services for the year 1919. The Castle Kid case was for trial at the April term, 1919.

The contention of defendant that it attempted to induce Ivins to go on with the case will not be considered. If the defendant's letter was a discharge, any negotiations thereafter would be the making of a new contract, and as that is not plain, it does not require a determination.

Considering the letter, and the facts and circumstances of the case, the conclusion is that the court below erred in instructing a verdict for the defendant.

The judgment of the court of common pleas will, therefore, be reversed and held for naught. The cause will be remanded, with instruction that a new trial be granted, and that both questions be submitted to the jury under proper instructions for their determination.

*Judgment reversed, and cause remanded.*

HAMILTON, P. J., and BUCHWALTER, J., concur.