MARINCHEK ET AL., APPELLANTS, *v.* BRUNSWICK CIVIL SERVICE COMMISSION ET AL., APPELLEES.

(No. 1329 — Decided October 3, 1984.)

*John F. Lenehan* and *Robert G. Byrom,* for appellants.

*Janet L. Maher, David J. Somrak* and *John J. Lohn,* for appellees.

QUILLIN, J.  In this appeal we must decide if a civil service employee who has no right of appeal to court pursuant to R.C. 124.34 may nevertheless appeal to court pursuant to R.C. 2506.01. We conclude he may not.

Appellants' single relevant assignment of error is:

"The common pleas court erred in dismissing appellants' appeal based on a lack of jurisdiction under § 124.34, Ohio Rev. Code, because appellants perfected a timely appeal pursuant to § 2506.01, Ohio Rev. Code."

Appellants are school bus drivers for Brunswick City School District Board of Education. For economic reasons, the board purported to abolish all existing bus driver routes and positions. New routes and positions were then established. As a result, approximately thirty drivers were laid off. This appeal does not relate to the laid-off drivers. The remaining drivers, in order of seniority, then bid on the new routes. Some of the drivers on the new routes worked fewer hours than before. These drivers (appellants) appealed the action to the Brunswick Civil Service Commission claiming the shorter hours constituted a reduction in pay. The civil service commission ruled that there had been no reduction in pay.

The appellants then filed their notice of appeal to the court of common pleas. Although the notice of appeal does not designate whether the appeal is pursuant to R.C. 124.34 or 2506.01, the appellants maintain the appeal is authorized by R.C. 2506.01. The court of common

pleas ruled that, as this was not a reduction in pay for disciplinary reasons, no appeal to court was permitted.

R.C. 124.34 provides that a classified civil service employee may appeal to the civil service commission a reduction in pay, suspension of more than three working days or removal. However, appeal to the court of common pleas may be had only in cases of removal or reduction in pay for disciplinary reasons. Appellants do not contend they have a right of appeal under R.C. 124.34.

R.C. 2506.01 provides in part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law."

It is appellants' position that even if they cannot appeal a non-disciplinary reduction in pay under R.C. 124.34, such an appeal will lie under R.C. 2506.01.

*Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207 [61 O.O.2d 447], discusses the limiting effect of R.C. 124.34 on an independent action. Anderson, a civil service employee, was suspended for five days. The Revised Code (then R.C. 143.27, now 124.34) permitted an appeal only in a "case of reduction, suspension of more than five [now three] working days, or removal." Anderson brought an original action in the court of common pleas alleging that her suspension was in violation of the protection accorded her by the civil service provisions of the Revised Code. The Supreme Court held at 211:

"Although the General Assembly has provided, in effect, that even suspensions for five days or less should be made only for cause, its intention to vest final discretion as to the necessity of such short-term suspensions in the appointing authority, subject only to the provisions of R.C. 143.40 as to abuse of such power, is apparent from the legislative 'design' or 'scheme.' * * *"

The *Anderson* court held that the legality of an order suspending an employee for five days or less could not be tried in an independent action. To do so would depart from the "legislative scheme long in effect." *Id.* at 212.

With *Anderson* as a backdrop, several recent cases can be examined. In *State, ex rel. Vukovich,* v. *Civil Service Comm.* (1982), 69 Ohio St. 2d 16 [23 O.O.3d 42], the city of Youngstown for economic reasons reduced the work week of city employees from forty hours to thirty-two hours. The employees, who were paid based on hours worked, appealed to the city civil service commission. A prohibition action was filed to prevent the commission from hearing the appeals. The Supreme Court held that this was a reduction in pay and therefore the commission had jurisdiction under R.C. 124.34 to hear the appeals.

In *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 485], Montgomery County increased salaried employees' work weeks to forty hours per week with no increase in pay. The employees appealed to the State Personnel Board of Review which found no reduction in pay had occurred. The employees appealed the decision to the Court of Common Pleas of Franklin County which affirmed the board. The court of appeals ruled the trial court lacked jurisdiction. The Supreme Court affirmed, stating at 581:

"Pursuant to R.C. 124.34, employees can appeal reduction orders by their appointing authorities to the

board. However, this language indicates that if the board upholds the reduction, only orders of reduction in pay for disciplinary reasons can be appealed to a court in the county of the employee's residence.

"* * *

"We hold that involuntary reductions in pay must comply with R.C. 124.34. Pursuant to R.C. 124.34, only reductions for disciplinary reasons can be appealed to a court; and an appeal must be brought, if at all, in the county of the employee's residence. * * *"

Appellants rely on *Walker* v. *Eastlake* (1980), 61 Ohio St. 2d 273 [15 O.O.3d 273]. Walker was dismissed by the Eastlake mayor for disciplinary reasons. The city civil service commission modified the dismissal to a one-year suspension. The city appealed to common pleas court pursuant to R.C. Chapter 2506. The court of appeals held that an R.C. Chapter 2506 appeal did not lie. The Supreme Court reversed, ruling by syllabus:

"Where the civil service commission of a municipality removes a classified employee from his position for disciplinary reasons, that decision may be appealed to the Court of Common Pleas pursuant to R.C. 2506.01."

*Walker,* on its facts, applies only to situations where there is a reduction in pay for disciplinary reasons which is appealable under R.C. 124.34. It does not speak to situations such as *Anderson* v. *Minter, supra,* where an appeal under R.C. 124.34 does not lie.

When *Anderson, Vukovich, Harris,* and *Walker, supra,* are read together, a rule of law emerges. If the civil service statutes preclude an appeal under R.C. 124.34, an appeal will not lie under R.C. 2506.01. If the civil service statutes do not preclude an appeal under R.C. 124.34, an appeal will lie under R.C. 2506.01. R.C. Chapter 2506 provides an alternative procedural remedy; it does not grant appellants additional substantive rights.

The appellants allege that they have suffered a non-disciplinary reduction in pay. Appeal is precluded under R.C. 124.34. Therefore, no appeal lies under R.C. 2506.01.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, J., concurs.

BAIRD, P.J., dissents.

BAIRD, P.J., dissenting. For the reasons stated in the dissenting opinion in *Rivers* v. *Quirk* (May 9, 1984), Summit App. No. 11540, unreported, I dissent.