ZAZO, APPELLEE, *v.*
CITY OF AKRON, APPELLANT. ▮

(No. 12995—Decided
August 19, 1987.)

*Bruce R. Conrad,* for appellee.
*James A. Thomas,* assistant direc-
tor of law, for appellant.

GEORGE, J.    Plaintiff-appellee,
James Zazo, a fire equipment mechanic
for defendant-appellant, city of Akron,
was injured on the job on May 16,
1985. As a result, he missed forty-five
days of work during the six-month ser-
vice rating period. His workers' com-
pensation claim for the injury was ap-
proved. Because of the time missed,
however, his rating report reflects a
less-than-satisfactory rating both in at-
tendance and in quantity of work for
the period.

Zazo appealed the rating to the
Civil Service Commission pursuant to
Civil Service Rule 12. The commission,
upon the recommendation of the city's
personnel director, denied the appeal.
Zazo appealed this ruling to the court
of common pleas pursuant to R.C.
2506.01 *et seq.* The trial court found for
Zazo and vacated the order. The city
appeals that judgment. This court
reverses.

While jurisdiction is not directly

challenged by the city, this court must first consider whether the trial court had jurisdiction to hear an appeal from a service rating. Appeal rights of civil service employees are outlined in R.C. 124.34, which provides for an appeal to a court of common pleas only in cases involving removal or pay reduction for disciplinary reasons. *Beare* v. *Eaton* (1983), 9 Ohio App. 3d 142, 9 OBR 207, 458 N.E. 2d 895. Neither of those actions is involved here.

A civil service employee who has no right to appeal to a court pursuant to R.C. 124.34 is precluded from appealing to a court pursuant to R.C. 2506.01. *Marinchek* v. *Brunswick Civil Service Comm.* (1984), 20 Ohio App. 3d 247, 20 OBR 309, 485 N.E. 2d 790. R.C. 2506.01, a general statute encompassing appeals from many different bodies, cannot create a cause of action where none otherwise exists.

Excessive absenteeism may ultimately be the basis for removal, and less-than-satisfactory ratings may preclude an employee's opportunity for merit-pay increases or eligibility for promotional examinations under the civil service rules. But none of these things has happened yet. This court finds the trial court did not have jurisdiction to entertain an appeal of the service rating.

Despite the conclusion that an unfavorable service rating in and of itself is not appealable to the trial court, this court will address the city's assignments of error. The trial court based its decision on a finding that the unsatisfactory ratings were in retaliation for Zazo's filing a workers' compensation claim. R.C. 4123.90 provides in pertinent part:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * *"

It is stipulated that Zazo's absences during this rating period were due to an on-the-job injury and that he filed a workers' compensation claim. The city objects that no causal relationship between Zazo's filing of the claim and the unfavorable rating by his supervisors has been demonstrated.

While no written guidelines were placed in evidence, there was testimony before the commission indicating that the city's policy is to downgrade an employee on work quantity and absenteeism, simply because he is not on the job. The reason for his absence is not considered — only his productivity. R.C. 4123.90 requires a showing of retaliation — that the "punitive action" was a result of the employee's filing for workers' compensation. Zazo has failed to prove that his unsatisfactory ratings were due to his filing for benefits.

The potential for abuse in an absentee-control policy which permits an employee to be disciplined for absences resulting from work-related injuries or disease is noted. However, this court could find no Ohio cases in which R.C. 4123.90 was broadly construed to permit the interpretation Zazo espouses. See *Gallaher* v. *Western Southern Life Ins. Co.* (Dec. 10, 1986), Hamilton App. No. C-860062, unreported; *Laithwaite* v. *Pizza Hut Hallrich Co.* (Aug. 19, 1986), Mahoning App. No. 85 C.A. 98, unreported; *Baker* v. *Culligan Water Conditioning* (Oct. 2, 1986), Clark App. No. 2133, unreported; *Younts* v. *William Bayley Co.* (Feb. 5, 1986), Clark App. No. 2135, unreported. See, also, *Slover* v. *Brown* (1986), 140 Ill. App. 3d 618, 488 N.E. 2d 1103. Contra *Clifford* v. *Cactus Drilling Corp.* (1981), 419 Mich. 356, 353 N.W. 2d 469. Where, as here, the purpose of the

service ratings is to measure employee efficiency (Civil Service Rule 12), the reason behind the absence which reduces the employee's work output is immaterial.

In conclusion, the trial court erred in applying R.C. 4123.90 where there was evidence that the city uniformly considered all absences, regardless of their cause, in its service rating program. The judgment of the trial court is vacated and this matter is dismissed for lack of jurisdiction.

*Judgment accordingly.*

QUILLIN, P.J., and MAHONEY, J., concur.

MAHONEY, J., concurring. I concur in the judgment and holding. While the issue was not raised, I question whether a review of a civil service employee's periodic efficiency rating is the quasi-judicial function necessary for an appeal under R.C. 2506.01. See *State, ex rel. Rieke,* v. *Hausrod* (1979), 59 Ohio St. 2d 48, 13 O.O. 3d 35, 391 N.E. 2d 736; *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 51 O.O. 2d 35, 257·N.E. 2d 371; *Delong* v. *Bd. of Edn. of Southwest School Dist.* (1973), 36 Ohio St. 2d 62, 65 O.O. 2d 213, 303 N.E. 2d 890, and their progeny.