LEIRER, Tax Commr., Appellant,

v.

CITY OF PARMA et al., Appellees.

[Cite as *Leirer v. Parma* (1989), 61 Ohio App.3d 54.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 54985.

Decided Feb. 13, 1989.

*Stephen W. Gard,* for appellant.

*Christopher Boyko, Robin B. Debell* and *Peter A. Hessler,* for appellees.

---

PATTON, Presiding Judge.

On January 8, 1987, appellant Richard Leirer suspended William Taylor for insubordination. The suspension was the result of Taylor's refusal to relocate his car within the Parma City Hall parking lot as ordered by the appellant. Taylor filed a complaint with the Parma Civil Service Commission ("commission") and a commission investigation ensued pursuant to R.C. 124.56.

On June 18, 1987, after a full evidentiary hearing, the commission sent a letter to appellant stating that:

"Pursuant to the responsibilities conferred upon us by Section 124.56 of the Ohio Revised Code, the Civil Service Commission *has completed its investigation and finds that,* in effecting the suspension of William Taylor, you have acted in violation of Chapter 124 of the Ohio Revised Code.

*"Prior to issuing a formal report in this regard, the Commission affords you the opportunity to correct the situation* by: 1) reinstating all lost wages from Mr. Taylor and 2) expunging from all records pertaining to Mr. Taylor all references to the incident in question. In the event these actions are taken, the Commission will issue no formal report and will consider the matter closed; and, it is our understanding on the basis of *Singh v. State* (1982), 7 Ohio App.3d 269 [455 N.E.2d 522], that the complainant would have no right to appeal that decision.

"The Commission will allow you ten business days from the date of this letter to take the corrective action and notify the Commission. After that time, we will assume that you have determined not to do so and a formal report will be forthcoming." (Emphasis added.)

On June 23, 1987, appellant filed a request for findings and conclusions. The commission filed a formal report on July 23, 1987. The report indicated the commission's basis for finding appellant abused his authority in suspending Taylor.

On June 24, 1987, appellant filed a notice of appeal in the Court of Common Pleas of Cuyahoga County, purporting to appeal from the commission's June 18, 1987 letter. On August 4, 1987, appellee city of Parma filed a motion to dismiss on the grounds that the court lacked jurisdiction because the June 18, 1987 letter was not a final order. The court of common pleas granted appellee's motion to dismiss the appeal on November 23, 1987.

Appellant asserts two assignments of error:

"I. The common pleas court erred in granting appellee's motion to dismiss appellant's appeal from the finding of the Parma Civil Service Commission that he violated Chapter 124 of the Ohio Revised Code when said finding was a final appealable order and appellant's notice of appeal was timely filed within the statutory thirty day period.

"II. The common pleas court erred in granting appellee's motion to dismiss appellant's appeal from the Parma Civil Service Commission pursuant to section 2506.01 where appellant is an unclassified supervisory employee and thus not within the protection of Chapter 124 of the Ohio Revised Code."

Due to similarity, the assignments of error will be considered together. In each, appellant asserts that the commission's June 18, 1987 letter to the appellant was a final order and appealable. Appellee contends the appeal was premature and the court lacked jurisdiction.

As stated in the commission's letter of June 18, 1987, the investigation conducted by the commission was in accordance with R.C. 124.56.

R.C. 124.56 provides:

"When the state personnel board of review or a municipal or civil service township civil service commission has reason to believe that any officer, board, commission, head of a department, or person having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or removal of an employee under his or their jurisdiction in violation of this chapter of the Revised Code, the board or commission shall make an investigation, and if it finds that a violation of this chapter, or the intent and spirit of this chapter has occurred, *it shall make a report* to the governor, or in the case of a municipal or township officer or employee, the commission shall make a report *to the mayor or other chief appointing authority,* or in the case of a civil service township, the commission shall make a report to the board of township trustees, who may remove forthwith such guilty officer, board, commission, head of department, or person. The officer or employee *shall first be given an opportunity to be publicly heard* in person or by counsel in his own defense. *The action of removal* by the governor, mayor, or other chief appointing authority *is final except as otherwise provided in this chapter of the Revised Code.*" (Emphasis added.)

Whether a court of common pleas has jurisdiction to hear an appeal from the termination of an investigation under R.C. 124.56 was addressed in *Singh v. Dept. of Transp.* (1982), 7 Ohio App.3d 269, 7 OBR 349, 455 N.E.2d 522. The Court of Appeals for Franklin County held that "R.C. 124.56 makes no provision for the rights of a complainant so far as an investigation for violation of R.C. Chapter 124 is concerned, or of the standing of a complainant for appeal in the event that he is dissatisfied with the results of the investigation. * * *" *Singh, supra,* at 270, 7 OBR at 351, 455 N.E.2d at 523–524. See, also, *Holt v. State* (Jan. 15, 1985), Franklin App. No. 84AP–663, unreported, 1985 WL 9820. While *Singh* concerns itself with the rights of a complainant who is dissatisfied with the results of the investigation conducted pursuant to R.C. 124.56, we interpret the rationale of *Singh* to be equally applicable to the officer, in this case Leirer, whose actions are being investigated.

This does not mean an investigation conducted pursuant to R.C. 124.56 is never appealable. Rather, the mayor or other chief appointing authority needs to take further action after he receives the commission's report. *Singh, supra,* 7 Ohio App.3d at 270, 7 OBR at 351, 455 N.E.2d at 524, interprets this further action to be removal or a detrimental order. However, R.C. 124.56

provides the officer or employee shall first be given an opportunity to be publicly heard before he can be removed.

In the instant case, in order for the commission's formal report of July 23, 1987 to become a final order, two events must occur. First, appellant should be given an opportunity to be publicly heard in his own defense, and second the mayor or other chief appointing authority must take subsequent action upon the commission's report. After both events have occurred, there will have then been a final determination of the appellant's rights. At this point the court of common pleas will have jurisdiction to hear an appeal pursuant to R.C. 124.56.

Appellant's second assignment of error asserts that he is not a classified municipal employee within the scope of R.C. 124.34; therefore, his appeal to the court of common pleas pursuant to R.C. 2506.01 is not barred by R.C. 124.34. This assignment of error lacks merit.

If the civil service statutes preclude an appeal under R.C. 124.34, an appeal will not lie under R.C. 2506.01. If the civil service statutes do not preclude an appeal under R.C. 124.34, an appeal will lie under R.C. 2506.01. R.C. Chapter 2506 provides an alternate procedural remedy; it does not grant additional substantive rights. *Marinchek v. Brunswick Civ. Serv. Comm.* (1984), 20 Ohio App.3d 247, 249, 20 OBR 309, 311, 485 N.E.2d 790, 792. In the instant case, since appellant did not have a right to appeal under R.C. 124.56, an appeal will not lie under R.C. 2506.01.

Therefore, the court of common pleas did not have jurisdiction over appellant's appeal.

*Judgment affirmed.*

DYKE and F.E. SWEENEY, JJ., concur.