W. WAGNER & G. WAGNER CO., L.P.A., Appellee,

v.

BLOCK et al., Appellants.

[Cite as *W. Wagner & G. Wagner Co., L.P.A. v. Block* (1995), 107 Ohio App.3d 603.]

Court of Appeals of Ohio,
Sixth District, Erie County.

Decided Dec. 1, 1995.

604

*Patrick J. Quinn,* for appellee.

*Steven C. Bechtel,* for appellants.

---

GLASSER, Judge.

This is an accelerated appeal from a judgment of the Sandusky Municipal Court in which plaintiff and appellee, W. Wagner & G. Wagner Co., L.P.A. ("the law firm"), was granted summary judgment against defendants-appellants, Florence Block and Robert Howley, in this action brought to collect legal fees. Appellants, Block and Howley, have filed their appeal setting forth the following two assignments of error:

Assignment of Error # 1

"The trial court erred in granting appellee's motion for summary judgment as a genuine issue of material fact existed as to whether appellee withdrew without just cause."

Assignment of Error # 2

"The trial court erred in granting summary judgment as to the amount due because recovery, if permitted at law, is on a quantum meruit basis not on the oral contract."

The procedural and factual history of this case which is relevant to the issues on appeal is as follows. In 1993, Block and Howley were named as defendants in a complaint filed in the Erie County Court of Common Pleas concerning a real property dispute and hired Walter Wagner of the plaintiff law firm to defend them. The terms of the oral attorney-client contract were that the law firm would represent Block and Howley in defending the lawsuit and Block and Howley would pay $125 per hour for work done by Walter Wagner, $80 or less per hour for work done by other individuals in the law firm, and reimburse the law firm for any expenses incurred in defending the lawsuit. Prior to July 1994, Block and Howley paid a total of $6,336.45 to the law firm for work performed on the case. On July 8, the law firm billed Block and Howley $3,346 for newly incurred charges. On July 18, 1994, the firm sent Block and Howley a final bill for an additional $877.50 in fees and costs incurred since July 8, 1994, for a total balance of $4,223.50. Also on July 18, the law firm filed a motion to withdraw from the case with the Erie County Court of Common Pleas. The entire motion states:

"Now comes Walter R. Wagner, counsel for Defendants Florence Block and Robert Howley, and requests that the court give him permission to withdraw as counsel in this case. For cause, counsel states that he has been unable to

effectively communicate with his clients and therefore cannot render effective representation."

No further memorandum in support of the motion was filed. Block and Howley did not oppose this motion, although they admit receiving a letter dated July 19, 1994 from the law firm stating that the firm was withdrawing from the case. It is unclear from the record whether Block and Howley were actually apprised of the filing of the *motion* to withdraw, as the certification on the motion states only that a copy was sent to opposing counsel. Therefore, appellants may not have known that the law firm sought permission of the court to withdraw and that they had the opportunity to oppose the motion. No hearing was held on the motion. On August 3, 1994, the Erie County Court of Common Pleas granted the law firm's motion to withdraw.

On September 14, 1994, the law firm instituted the present action against Block and Howley to recover the unpaid sum of $4,223.50 for legal services rendered prior to the firm's withdrawal. The law firm filed a motion for summary judgment on its complaint for unpaid attorney fees. In support of the motion Attorney Wagner stated under oath in an affidavit that (1) he zealously represented Block and Howley; (2) he withdrew from representation of Block and Howley because "they were becoming increasingly impatient due to the slow progress of the litigation," "they continued to blame Wagner for inconveniences beyond his control," "they continually second-guessed and criticized [Wagner] for reasons unjustified" and he, Wagner, felt as though he could no longer be effective as counsel when his clients no longer believed in him; (3) he did not charge excessive, unreasonable or unnecessary legal fees; and (4) Block and Howley did not pay $4,223.50 of the fees billed them by the firm in connection with their representation.

Block and Howley responded to the motion for summary judgment and argued that there is a genuine issue of material fact in the case which precludes summary judgment being granted to the law firm, namely, whether the law firm withdrew from representing Block and Howley without just cause. Block and Howley contend that under Ohio law, an attorney is not entitled to compensation for services rendered if he withdraws without just cause, and that Wagner did not have just cause to withdraw from their case. In support of these arguments, both Block and Howley filed affidavits in which they stated that they were not critical of Wagner's representation, they did not continuously second-guess him, they did not do or say anything to disrupt the attorney-client relationship, and Wagner's withdrawal was without just cause.

The law firm filed a reply to Block and Howley's response and argued that (1) the issue of just cause to withdraw was decided by the Erie County Court of Common Pleas when the law firm was granted leave to withdraw and, therefore,

that issue cannot now be relitigated, because it was "final" and the Sandusky Municipal Court does not have the authority to reconsider or reverse that order; and (2) the requirement that an attorney's withdrawal from representation must be with just cause before the attorney is entitled to compensation for work performed prior to the withdrawal applies only in cases where the attorney and client entered into a contingent fee contract, not in cases such as this one where the attorney and client had an hourly rate contract.

On April 26, 1995, the Erie County Court of Common Pleas judge sent the following letter to the law firm.

"RE: Wagner v. Block, et al.

"Case No. CVF 941522

"Dear Mr. Quinn:[1]

"The Court is prepared to make the following order in the above captioned case:

"Plaintiff's motion for Summary Judgment is granted, in the amount of $4,223.50 plus interest and costs against the defendants. The Court finds that there is no genuine issue as to material fact and plaintiff is entitled to judgment as a matter of law; that the amount claimed by plaintiff is reasonable based on the affidavits of all the parties to the action; and that the defendants' claim that plaintiff withdrew without just cause is not valid due to the previous order of the Erie County Common Pleas Court.

"Attorney for the plaintiff will prepare the necessary Judgment Entry to be submitted to counsel for the Defendants' approval and filing with the Court." (Footnote added.)

Thereafter, on May 9, 1995, the following judgment entry, prepared by the law firm, was filed with the court.

"Plaintiff's Motion for Summary Judgment is granted. Plaintiff is granted judgment in the amount of $4223.50 plus interest of 10% per annum, which shall accrue from July 18, 1994 pursuant to Section 1343.03 of the Ohio Revised Code.

"Defendants shall be responsible for court costs of this action."

It is from this judgment that appellants appeal.

In their first assignment of error, appellants argue that the trial court should not have granted summary judgment because there is a genuine issue of material fact concerning whether appellee's withdrawal from representing appellants was with just cause. Appellants state that an attorney who withdraws from representation of a client without just cause is not entitled to any compensation for his

---

1. Patrick J. Quinn is an associate in the law firm of Wagner & Wagner.

work and cite *Ivins v. Elbinger Shoe Mfg. Co.* (1921), 14 Ohio App. 289, and *Sandler v. Gossick* (1993), 87 Ohio App.3d 372, 622 N.E.2d 389, in support of this contention. Appellee asserts that *Ivins* and *Sandler* do not apply to the instant case because they each deal with a contingent fee contract between attorney and client and the contract in the present case is based on an hourly rate.

In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment bears the burden of delineating which areas of the opponent's claim raise no genuine issue of material fact. The moving party may support its assertions "by affidavits or otherwise as allowed by Civ.R. 56(C)." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Once the moving party meets its burden, the nonmoving party must produce evidence on the issue or issues identified by the movant for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

It is generally held that when an attorney agrees to represent a client it is implied that he agrees to see the matter through to its conclusion. See, generally, Annotation, Circumstances under which Attorney Retains Right to Compensation Notwithstanding Voluntary Withdrawal from Case (1978), 88 A.L.R.3d 246; 7 American Jurisprudence 2d (1980), Attorneys at Law, Section 262; and 6 Ohio Jurisprudence 3d (1978), Attorneys at Law, Section 164. If the attorney does not see the matter to conclusion and voluntarily withdraws without just cause, then a breach has occurred, and this result is the same whether the contract's payment terms were for an hourly wage or a contingent fee. 88 A.L.R.3d 246, *supra*, at II, Section 3. This rule follows general contract law which states that "where a party has partially but not substantially performed his promise contained in an entire contract, and the failure to perform the balance of the contract is not excused, no recovery can be made upon the contract or upon quantum meruit." 18 Ohio Jurisprudence 3d (1980), Contracts, Section 231, citing *Ivins v. Elbinger Shoe Mfg. Co., supra.* Accordingly, this court finds that notwithstanding the hourly rate of compensation in this contract, appellee cannot recover fees for the time it spent on appellants' case before the voluntary withdrawal unless the withdrawal was for just cause.

■ Appellee argues that even if the firm needed just cause to voluntarily withdraw from representation of appellants, the issue of just cause was adjudicated when the trial court entertained and granted appellee's motion to withdraw. This apparently was also the basis of the ruling for summary judgment made by the trial court judge in this case, as stated in his letter of April 26, 1995.

It is uncontroverted that the law firm sought and received the trial court's permission to withdraw from representing appellants, and appellants did not oppose the motion to withdraw. At that time, however, appellants were not put on notice that their acquiescence in the withdrawal of the law firm would preclude them from raising "unjustified withdrawal" as a defense to a subsequent action against them for attorney fees. Additionally, they cannot be charged with the responsibility of knowing the consequences of their acquiescence since they were without representation at the time. Therefore, the argument that the time for appellants to raise objections and contend that appellee did not have just cause to withdraw was when the motion to withdraw was litigated does not provide a just result in this case. This is especially true when it is clear from the motion to withdraw and the order granting that motion that the question of whether the law firm had just cause to withdraw was not addressed. There was simply a vague and general statement that counsel wished to withdraw because he "has been unable to effectively communicate with his clients and therefore cannot render effective legal representation," and a cursory order granting the motion but saying nothing about whether the withdrawal was with just cause.

■ Upon consideration of the entire record of proceedings before the trial court in this case and the law as set forth above, this court finds that it was error for the trial court to grant summary judgment to appellee since there remains a genuine issue of material fact as to whether appellee withdrew with just cause. Accordingly, this court finds that the first assignment of error is well taken.

This court finds that its ruling on Assignment of Error No. 1 renders appellants' second assignment of error moot pursuant to App.R. 12(A)(1)(c) and it is therefore found not well taken.

Upon consideration whereof this court finds that substantial justice has not been done the parties complaining, and the judgment of the Sandusky Municipal Court is reversed. This cause is remanded to the trial court for further proceedings not inconsistent with this decision. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

ABOOD, P.J., and MELVIN L. RESNICK, J., concur.