[Cite as *State v. Bradley-Lewis*, 2018-Ohio-1445.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2018-A-0006** |
| - vs - | : | **2018-A-0010** |
| | | **2018-A-0011** |
| ORLANDO LAMAAR BRADLEY-LEWIS, | : | **2018-A-0012** |
| | | **2018-A-0013** |
| Defendant-Appellant. | : | **2018-A-0014** |
| | | **2018-A-0015** |

Criminal Appeals from the Ashtabula Municipal Court, Case Nos. 2014 CRB 00006, 2014 CRB 01605, 2014 CRB 01606, 2014 TRC 00031, 2014 TRD 00004, 2016 CRB 01391, 2017 TRD 01863.

Judgment: Appeals dismissed.

*Nicholas Iarocci,* Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Orlando Lamaar Bradley-Lewis,* pro se, 528 West 40th Street, Ashtabula, OH 44004 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Orlando Lamaar Bradley-Lewis, appeals from the trial court's December 13, 2017 entries denying his motion to recuse Judge DiGiacomo and setting the matter for oral hearing regarding his motion to dismiss the complaint in 14 TRC 0003.

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶10} Regarding criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

{¶11} Additionally, an order denying the disqualification of a judge has been held not to be a final appealable order. *See In re Disqualification of Kimbler,* 44 Ohio App.3d

2

9 (9th Dist.1988); *State v. Bonner,* 11th Dist. Geauga No. 2014-G-3202, 2004-Ohio-3870; *Aloi v. Enervest,* 11th Dist. Portage No. 2011-P-0023, 2011-Ohio-5112.

{¶12} Appellant has not been convicted or sentenced in any of the underlying criminal cases, and the court's denial of appellant's motion to recuse Judge DiGiacomo is not a final appealable order. Thus, this court lacks jurisdiction to consider the appeals.

{¶13} Even if there were a final appealable order issued in the underlying cases, pursuant to R.C. 2701.031, a court of appeals has no authority to render a decision regarding the disqualification of a municipal court judge. *Clemons v. Hafner,* 7th Dist. Mahoning No. 04 MA 162, 2005-Ohio-4503.

{¶14} R.C. 2701.031 states in relevant part:

{¶15} "If a judge of a municipal or county court allegedly is interested in a proceeding pending before a judge * * * any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court. * * *."

{¶16} Appeals dismissed, sua sponte.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

3