[Cite as *State v. Lewis*, 2019-Ohio-1946.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0069** |
| ORLANDO L. BRADLEY LEWIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 2017 TRD 01863.

Judgment: Affirmed.

*Michael Franklin*, Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Orlando L. Bradley Lewis*, pro se, 528 West 40th Street, Ashtabula, OH 44004 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Orlando L. Bradley,[1] appeals from his conviction for failure to reinstate his license in the Ashtabula Municipal Court. The issue to be determined by this court is whether a defendant can be convicted for failure to reinstate a suspended license when he contends, but does not present evidence, that he never possessed a driver's license. For the following reasons, we affirm the judgment of the

_____

1. Although identified in the case caption as "Orlando L. Bradley Lewis", appellant clarified at trial that his name is Orlando L. Bradley.

lower court.

{¶2} On May 26, 2017, Bradley was issued a traffic ticket, charging him with failure to reinstate[2], an unclassified misdemeanor, in violation of R.C. 4510.21(A), and speeding, a minor misdemeanor, in violation of R.C. 4511.21(C).

{¶3} At a November 3, 2017 pretrial, Bradley's counsel moved to withdraw, which motion was granted. The matter was set for trial but proceedings were delayed when Bradley sought recusal and disqualification of the trial court judge. These requests were denied and an appeal before this court was dismissed due to a lack of a final appealable order. *State v. Bradley-Lewis*, 11th Dist. Ashtabula Nos. 2018-A-0006, et al., 2018-Ohio-1445.

{¶4} Bradley filed a Motion to Dismiss Count One of the Complaint on July 16, 2018, in which he argued that he could not be convicted of an offense related to a suspended license since he has never had a valid driver's license. The motion was set for a hearing, at which Bradley failed to appear.

{¶5} A trial was held before the court on August 24, 2018, at which Bradley was unrepresented by counsel. The following pertinent testimony was presented:

{¶6} Ohio State Highway Patrol Trooper Christopher Dunn testified that on May 26, 2017, he stopped Bradley's vehicle for traveling at a speed of 51 mph in a 35 mph zone. Bradley failed to provide a driver's license. Trooper Dunn ran Bradley's information through the Law Enforcement Automated Data System (LEADS), from which he determined that Bradley's driving status was "suspended" for multiple reasons,

_____

2. This offense is variously referred to throughout the lower court proceedings and in the appellant's brief as "driving under suspension." As a point of clarification, a charge of failure to reinstate arises when a defendant's license has previously been suspended, the suspension expires, the defendant fails to take steps to properly reinstate the license, and he operates a vehicle. R.C. 4510.21(A).

2

including a lack of insurance. The State presented as evidence a LEADS printout of Bradley's driving record, which showed several active suspensions and failure to reinstate following the termination of other suspensions. Trooper Dunn testified that, after he reviewed Bradley's driving record at the scene of the stop, he issued the citation for speeding and failure to reinstate.

{¶7} Following Dunn's testimony on direct examination, the court indicated to Bradley that he had the opportunity to perform cross-examination. At that time, Bradley moved to dismiss on the ground that he did not receive discovery. The court overruled this motion and again inquired if Bradley had any questions for Trooper Dunn. Bradley stated that he had no questions. The State rested and moved for the admission of the LEADS report. The court inquired of Bradley regarding its admission. He responded, "I've never had a driver's license. All I ever had was a state ID," and questioned how he could be charged with an offense arising from a suspended license when he never had a driver's license. The court stated that it was not its job to explain this, noted that he had been charged with "driving under suspension and speeding," and inquired whether Bradley had any witnesses, to which he responded in the negative.

{¶8} The court found Bradley guilty of both offenses for which he was charged, fining him $250 for the failure to reinstate and $200 for speeding, also assessing court costs, and documented the finding and sentence in an August 24, 2018 Judgment Entry. The court issued an "Amended" Entry on August 30, 2018, decreasing the fine for speeding to $45.

{¶9} Bradley timely appeals and raises the following assignment of error:

{¶10} "The trial court erred by convicting Appellant of driving under suspension

3

without considering Appellant's evidence that he never obtained a driver's license."[3]

{¶11} In his sole assignment of error, Bradley argues that the trial court could not convict him of driving with a suspended license when he never had a valid driver's license to suspend. It appears that Bradley takes issue with the sufficiency of the evidence to support his conviction. With respect to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶12} To convict Bradley of failure to reinstate, the State was required to prove, beyond a reasonable doubt, that he violated R.C. 4510.21(A), which provides:

> No person whose driver's license, commercial driver's license, temporary instruction permit, or nonresident's operating privilege has been suspended shall operate any motor vehicle upon a public road or highway or any public or private property after the suspension has expired unless the person has complied with all license reinstatement requirements imposed by the court, the bureau of motor vehicles, or another provision of the Revised Code.

---

3. Bradley attaches several documents to his brief including tickets and judgment entries in other cases and an online BMV record. Loc.App.R. 16(B)(1) does not allow the attachment of documents in an appendix to an appellate brief, with the exception of legal authorities pursuant to App.R. 16(E) and Loc.App.R. 16(B)(3). Further, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Only documents that are part of the record will be considered by this court in resolving the appeal.

{¶13} Since the foregoing statute is premised upon having had a suspended license, Bradley argues that he could not be convicted of the crime since he never had a valid license to suspend. Presuming this legal assertion is correct, the evidence presented at trial did not support his contention that he never had a valid license or it was not properly suspended.

{¶14} Trooper Dunn testified that he reviewed Bradley's driving record after conducting the stop and based his decision to file the charge on that record. The LEADS report was presented as an exhibit and showed both open suspensions and past suspensions listing a status of "failure to reinstate." While Trooper Dunn did not specifically testify regarding whether Bradley previously had a valid driver's license, his testimony and the LEADS report satisfied the elements of the charge of failure to reinstate by showing a suspension existed, expired, and there was a lack of compliance with reinstatement requirements. Bradley asked no questions nor presented any evidence to contradict Trooper Dunn's testimony or the LEADS report or to bring into question the validity of the suspension given his purported lack of a driver's license.

{¶15} Bradley argues that the court erred in convicting him because it would not consider his evidence that he never had a license. However, the court gave Bradley the opportunity to cross-examine Trooper Dunn, which Bradley declined. Further, Bradley was given an opportunity to put on a defense but presented no witnesses or exhibits. While he argued to the court that he never had a valid license, he presented nothing in the way of evidence during the trial, although he was given ample opportunity to do so. Further, while Bradley also filed a written motion to dismiss which was denied, a result he does not specifically dispute, this was again based only on his unsworn statements

and contentions rather than proof.

{¶16} This case is similar to *State v. Davis*, 2d Dist. Montgomery No. 19166, 2002-Ohio-6778, in which the appellant argued that he could not be convicted for driving with a suspended license when he had no license. In *Davis*, the police officer testified that his review of the appellant's driving record demonstrated a suspension of his license. The court held that where the officer provided an interpretation of BMV records in support of a conclusion that the appellant's license was suspended and the appellant "offered no contradictory evidence, and he didn't cross-examine the officer in order to show how or why his interpretation of the BMV records was mistaken," the trial court did not err in convicting him of driving under suspension. *Id.* at ¶ 14-16.

{¶17} Based on a review of the record, we find that the conviction for failure to reinstate was supported by sufficient, undisputed evidence and that the court considered all evidence properly before it.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, Bradley's conviction for failure to reinstate in the Ashtabula Municipal Court is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

6