[Cite as *Blackwell v. Wynn*, 2020-Ohio-1438.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

|  |  |  |
|---|---|---|
| GLORIA BLACKWELL, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-A-0048** |
| ROBERT WYNN, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula Municipal Court, Case No. 2019 CVI 00240.

Judgment: Affirmed.

*Gloria Blackwell*, pro se, 605 West Prospect Road, Ashtabula, OH 44004 (Plaintiff-Appellant).

*Robert S. Wynn*, pro se, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Gloria Blackwell, appeals from the judgment of the Ashtabula Municipal Court, finding in favor of the defendant-appellee, Robert Wynn, following a small claims trial. For the following reasons, we affirm the lower court's judgment.

{¶2} On March 18, 2019, Blackwell filed a Small Claims Complaint against Wynn in the Ashtabula Municipal Court. In her "Statement of Claim" she stated the following: "No contract given to me by attorney Wynn and now he wants to charge more." It requested a judgment in the amount of $1,000. Attached were e-mail communications

between Wynn and Blackwell relating to his legal representation of her in Ashtabula Municipal Court Case No. 2018 CVF 01082, a record of payment made to him, as well as a copy of a motion in which Wynn had sought to withdraw from representing Blackwell in Case No. 2018 CVF 01082.

{¶3} A trial was held on April 24, 2019. The following pertinent testimony was presented.

{¶4} Blackwell testified that she sought legal representation from Wynn in a civil landlord-tenant matter and he told her the charge would be "between $600 and $1,000." According to Blackwell, approximately a month after the initial meeting, Wynn told her the law required he provide her with a written contract but no such document was provided. Blackwell testified that Wynn subsequently denied quoting her the foregoing price and told her he was no longer going to represent her. She requested $700 be repaid to her, conceding that Wynn had already returned $300. An e-mail was presented in which Blackwell had written that she and Wynn had discussed an hourly rate of $167, but Blackwell testified that Wynn told her "a different amount" would be charged for this case, i.e. the $600-$1,000 amount. Blackwell stated that during discussions with Wynn on the phone he "got loud" and "t[old] her off."

{¶5} Wynn testified that he and Blackwell had an oral agreement that he would charge a rate of $175 per hour and did not agree to a flat fee. He testified that the litigation for which he had represented her was not "simple" and involved a counterclaim and cross-claim. He ceased representation of her because of the fee dispute and "outrageous statements" she made, including that he had made advances toward an individual who had been helping Blackwell with home repairs.

2

{¶6} On April 30, 2019, the court issued a Judgment Entry granting judgment in favor of Wynn. The court found that Wynn moved to withdraw from representation due to a disagreement over fees and a "deterioration of the working relationship," which motion had been granted. It found Wynn had completed five hours of work on the case prior to his withdrawal and had returned $300 of payment made by Blackwell. The court concluded that the fee agreement did not have to be in writing, the parties had discussed the hourly rate and probable total bill, and Wynn provided services warranting the amount paid.

{¶7} Blackwell filed a timely appeal, although no transcript was filed with the record. Following briefing and oral argument, on November 22, 2019, Blackwell filed a motion requesting the record be supplemented with a transcript. The court reporter subsequently filed an affidavit stating that the transcript had not been prepared due to an oversight. On December 4, 2019, this court issued a Judgment Entry granting the request to supplement the record and permitting additional briefing.

{¶8} On appeal, Blackwell raises the following assignments of error:

{¶9} "[1.] Judge Laura DiGiacomo committed error prejudicial in granting defendant, Robert Wynn, compensation for services rendered. She based her decision on the fact that Attorney (Judge) Robert Wynn provided services and he should be paid.

{¶10} "[2.] Title 28 of the United States Code (The Judicial Code) provide[s] standards for judicial disqualification or recusal, Section 455, captioned 'Disqualification of justice, judge, or magistrate judge.' A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned.' [sic] The section also provides that a judge is disqualified 'where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding', when

3

the judge has previously served [as a] lawyer or witness concerning the same case or has expressed an opinion concerning its outcome, or when the judge or a member of his or her immediate family has a financial interest in the outcome of the proceeding.

{¶11} "[3.] Did Attorney Wynn have a right to withdraw from representing his client?

{¶12} "[4.] Judge DiGiacomo committed prejudicial error concluding that Attorney Wynn was being reasonable in his fees. The basis was based on his itemized statement that he submitted to court. This statement was provided after Attorney Wynn decided to withdraw from the case. After client found out that he wanted to withdraw, she requested the statement."

{¶13} As an initial matter, we note that in her supplemental brief, Blackwell submitted her argument under a single assignment of error, the language of which differs from those errors set forth in her original brief. We will consider the supplemental arguments within the relevant original assignments of error.

{¶14} In her first assignment of error, Blackwell argues that the trial court erred in finding Wynn was entitled to payment for services rendered because there was no written fee agreement and he was responsible for providing such agreement to be entitled to compensation for his representation.

{¶15} Blackwell's contention that Wynn was required to provide a written agreement for his fees lacks merit. As the lower court properly held, a written agreement for attorney's fees is not mandatory in all cases. The Ohio Rules of Professional Conduct provide that the rate of the fee and expenses "shall be communicated to the client, *preferably* in writing" but do not require a written agreement except in certain circumstances not evident from the record here, such as in the case of a contingent fee

4

or where a client must be advised of entitlement to a refund for uncompleted representation when a flat fee is charged. Prof.Cond.R. 1.5(b), (c)(1), and (d)(3). These circumstances do not apply in the present matter and, thus, Wynn is not precluded from recovering fees in this matter in the absence of a written fee agreement.

{¶16} To the extent that Blackwell takes issue with the amount of fees awarded for Wynn's services, this will be addressed in the fourth assignment of error.

{¶17} The first assignment of error is without merit.

{¶18} In her second assignment of error, Blackwell argues that Judge DiGiacomo should have disqualified herself since she had developed a bias against Blackwell and had previously formed an opinion in Case No. 2018 CVF 01082.

{¶19} The issue of disqualification and bias is properly raised by utilizing the procedure set forth in R.C. 2701.031, which requires a party to file an affidavit of disqualification with the clerk of the supreme court if he or she believes a judge "allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge * * *." The affidavit of disqualification is then decided in accordance with Section 2701.03. Blackwell did not follow this procedure. "[A] court of appeals has no authority to render a decision regarding the disqualification of a municipal court judge." *State v. Bradley-Lewis*, 11th Dist. Ashtabula No. 2018-A-0006, et al., 2018-Ohio-1445, ¶ 13; *Shelton v. Huff*, 11th Dist. Trumbull No. 2012-T-0101, 2014-Ohio-1344, ¶ 30 ("[a]n appellate court has no jurisdiction to vacate a trial court's judgment on a claim of judicial bias") (citation omitted). Thus, we decline to address the claim that the lower court judge was biased and should have been disqualified, as it is not properly before this court.

5

{¶20} The second assignment of error is without merit.

{¶21} In her third assignment of error, Blackwell argues that Wynn was unjustified in withdrawing from his representation of her in Case No. 2018 CVF 01082. She contends that her statement to Wynn that he was "robbing" her was the basis for his withdrawal and this was not "good reason" for withdrawing as her counsel.

{¶22} To the extent that Blackwell argues that the granting of the motion to withdraw was improper, this determination was made in a separate case not before this court on appeal. However, there is authority for the proposition that unjustified withdrawal can be raised as a defense against a claim for attorney's fees. *W. Wagner & G. Wagner Co., L.P.A. v. Block*, 107 Ohio App.3d 603, 609, 669 N.E.2d 272 (6th Dist.1995); *Sandler v. Gossick*, 87 Ohio App.3d 372, 377, 622 N.E.2d 389 (8th Dist.1993). In relation to the contention that Blackwell is entitled to the return of fees paid because Wynn improperly withdrew from representing her, the arguments relate to the court's weighing of the evidence and thus, we will review whether the judgment was supported by the weight of the evidence. Weight of the evidence concerns "'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Citations omitted.) (Emphasis deleted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12. In a civil case, "'[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" (Citations omitted.) *Meeker R & D, Inc. v. Evenflo Co., Inc.*, 11th Dist. Portage Nos. 2014-P-0060 and 2015-P-0017, 2016-Ohio-2688, ¶ 40.

{¶23} The record does not demonstrate that withdrawal was improper and

6

Blackwell is not entitled to a return of the fees paid on this ground. Testimony presented in the trial in this matter demonstrated that Blackwell had become "bombastic," disagreed about the amount of fees owed, and made allegations that Wynn was robbing her and had made a pass at someone Blackwell employed. Ohio Rule of Professional Conduct 1.16 allows an attorney to withdraw from representation of a client under several circumstances, including if "withdrawal can be accomplished without material adverse effect on the interests of the client," "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," or for "other good cause." Prof.Cond.R. 1.16(B)(1), (6), and (9). Here, the breakdown in the attorney-client relationship, arguments between Blackwell and Wynn, and concerns about payment in light of the fee dispute, to the extent there is testimony about these issues present in this record, demonstrated that withdrawal was not unjustified. Furthermore, Blackwell's allegations that Wynn caused hardship to her by withdrawing are not properly supported by the trial court record, including her testimony.

{¶24} The third assignment of error is without merit.

{¶25} In her fourth assignment of error, Blackwell argues that Wynn's fee was excessive in light of quotes given to her by other attorneys and that he provided inconsistent statements to her regarding the amount he would charge.

{¶26} Initially, regarding Blackwell's contention that the amount she was billed by Wynn was excessive compared to other quotes received, there is no evidence of this present in the record and we cannot consider this argument.

{¶27} As to the court's determination that Wynn was entitled to the compensation he had received, it was supported by the weight of the evidence. Wynn testified that he had performed work on the underlying civil litigation defending against a complaint, that

7

the matter was "not a simple defense of the civil complaint" but involved a counterclaim and cross-claim in excess of $3,000, and that he had spent time viewing the property since Blackwell claimed her tenant had damaged it. Blackwell failed to provide testimony or evidence demonstrating that the work was not performed or was otherwise unnecessary. To the extent that there was a fee dispute, we find no reason to reject the trial court's determination that the compensation received by Wynn was reasonable and consistent with the evidence. While Blackwell also contests the rate at which she was billed, alleging she agreed to a rate less than that Wynn charged, Wynn disagreed and testified that he billed at the agreed upon rate. As resolving this issue turned upon witness credibility, we emphasize that the "trier of fact is in the best position to evaluate inconsistencies in the testimony by observing the witness's manner and demeanor on the witness stand" and we will not substitute our judgment for that of the trial court. *State v. Williams*, 11th Dist. Lake No. 2012-L-078, 2013-Ohio-2040, ¶ 21.

{¶28} The fourth assignment of error is without merit.

{¶29} For the foregoing reasons, the judgment of the Ashtabula Municipal Court is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

8