SARAH G. BEANE v. WEIMAN COMPANY, INC., LOUIS J. GALVAN AND GEORGE FRICELLA

No. 6919SC264

(Filed 2 July 1969)

1. **Contracts § 32— malicious inducement of breach of contract**

    In an action for maliciously inducing a third party to breach his contract with plaintiff, plaintiff must show (1) that a valid contract existed between him and the third party, which conferred upon plaintiff some contractual right against the third person, (2) that defendant had knowledge of plaintiff's contract with the third party, (3) that defendant intentionally induced the third person not to perform his contract with plaintiff, (4) that in so doing defendant acted without justification, and (5) that defendant's act caused plaintiff actual damages.

2. **Contracts § 32— malicious inducement of breach of contract — sufficiency of allegations**

    Allegations that two defendants falsely accused plaintiff to an official of her employer of calling defendants' wives and reporting improper associations by defendants with other women, that plaintiff consequently lost her job, and that an official of the company told her that one defendant had stated that he would no longer work for the company while plaintiff worked there, *are held* insufficient to state a cause of action against either defendant for malicious interference with contractual relations, plaintiff having failed to allege facts to show that the decision to terminate plaintiff's employment at will resulted from defendants' statements or that the statements were intended to result in the termination of plaintiff's employment, and defendants having the right to announce the condition under which they would continue their employment.

APPEAL by plaintiff from *Lupton, J.*, at the 6 January 1969 Civil Session of RANDOLPH Superior Court.

In her complaint, plaintiff alleged that: She had been employed by the Weiman Company and its predecessors for some twenty years and Louis Galvan and George Fricella were officers of the company. Galvan and Fricella lived in and around Asheboro, N. C., during the week but visited their families in Illinois each weekend. The individual defendants openly and notoriously associated with women other than their wives during the week, this practice having continued for some period of time. On 29 May 1968, some person called the wives of the individual defendants and informed them of the associations of their husbands. The plaintiff then alleged the following:

"VIII.   Thereafter, the plaintiff is informed, and therefore alleges the same on information and belief, that Galvan and Fricella intentionally, willfully, maliciously and recklessly accused the plaintiff of being the party responsible for said telephone call.

IX.   The plaintiff is informed and believes, and therefore alleges the same on information and belief, that said intentional, willful, malicious and reckless accusation was transmitted to Goddard, the President of The Company, by Galvan and Fricella.

X.   On June 3, 1968, the plaintiff was summoned to the office of Mr. Goddard, the President as aforesaid. At that time, Mr. Goddard stated to the plaintiff that he (Goddard) 'had no choice but to sever the plaintiff's relations with The Company because Lou Galvan and George Fricella had said that the plaintiff had called their wives and reported their running around with other women, and Lou had said that he would not work with The Company as long as the plaintiff was employed. Therefore he (Goddard) had no other choice because he had to have a production man.' "

The remaining allegations are conclusory statements as to malice and proximate cause and that the quoted passages constitute a malicious interference with the contractual relations of plaintiff with the company.

As a second cause of action, plaintiff repeated the above allegations and alleged in addition that the individual defendants acted in the scope of their employment in making the accusation to Goddard.

Defendants demurred, the demurrer was sustained and plaintiff appealed.

*Alston, Pell, Pell & Weston by Jerry S. Weston for plaintiff appellant.*

*Block, Meyland & Lloyd by A. L. Meyland for defendant appellees.*

BRITT, J.

It is noted in the record on appeal and in the briefs that defendant Galvan is variously referred to as Louis J. Galvan, James J. Galvin, Lou Galvan, Lewis J. Galvin, Louis J. Galvin, Galvan, and Galvin; we proceed on the assumption that his correct name is Louis J. Galvan.

The question presented is whether the facts alleged in the complaint, when construed liberally, state a cause of action.

Both in her complaint and in arguments before this Court, plaintiff contends that her relief is on the theory of malicious interference with contractual relations, rather than breach of contract. The plaintiff was an employee at will.

[1] The leading case in North Carolina on interference with contractual relations is *Childress v. Abeles*, 240 N.C. 667, 84 S.E. 2d 176. The elements of the tort, according to that case, are the following: First, that a valid contract existed between the plaintiff and a third person, conferring some contractual right against the third person; second, that the outsider had knowledge of the plaintiff's contract with the third person; third, that the outsider intentionally induced the third person not to perform his contract with the plaintiff; fourth, that in so doing the outsider acted without justification; and fifth, that the outsider's act caused the plaintiff actual damages.

[2] The corporate defendant is clearly excluded by the terms of the first requisite, since the contract was with it and not with a third person. As to defendant Fricella, no act is alleged except the communication to Mr. Goddard of Fricella's opinion as to the identity of the person who called his wife. There is no allegation as to the purpose of this communication or that it induced Goddard, as agent of the company, to refuse to continue the employment of the plaintiff. Thus, there are no facts alleged tending to show "that the outsider intentionally induced the third person not to perform his contract with the plaintiff." *Childress v. Abeles, supra.* "* * * [P]laintiff must allege every fact necessary to constitute his cause of action so as to disclose the issuable facts determinative of his right to relief, and recovery must be had, if at all, on the theory of liability set forth in the complaint. * * * A mere allegation of

the legal conclusion which the pleader conceives should be drawn from the evidence he intends to offer is insufficient." 6 Strong, N.C. Index 2d, Pleadings, § 2, p. 292 (numerous citations). See also 30 Am. Jur., Interference, § 28, p. 77.

As to defendant Galvan, there is a similar deficiency in plaintiff's allegations, except that plaintiff alleges she was told by Goddard that Galvan had said he would not work for the company while plaintiff was employed there. This statement does not amount to an attempt to induce the company to terminate its contract with the plaintiff. Galvan had a legitimate right to announce the condition under which he would continue his employment. The plaintiff has not alleged facts which would indicate that the decision by Goddard, though perhaps regrettable, was the result of any outside influence, or that any outside influence was intended to result in termination of the contract at will. Appellees have properly relied upon 57 C.J.S., Master and Servant, § 630, p. 435, where it is said: "Thus, it has been said that, if persons in the employment of a master consider others in that employment obnoxious, either personally or because of their character or conduct, they have a perfect right to put to their employer the alternative whether he will discharge the obnoxious person or persons and retain their services, or lose them and retain the obnoxious persons." To the same effect, see 30 Am. Jur., Interference, § 33, p. 79. (Note the thorough annotations in 26 A.L.R. 2d 1227.)

The judgment of the superior court sustaining the demurrer is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.