ANDERSON, APPELLEE, *v.* MINTER ET AL., APPELLANTS.

[Cite as Anderson v. Minter (1972), 32 Ohio St. 2d 207.]

(No. 72-236—Decided December 15, 1972.)

208

*Mr. Edward R. Stege, Jr.*, for appellee.
*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Richard A. Goulder*, for appellants.

LEACH, J.   At the outset, we must distinguish between the nature of the two causes of action involved herein.   While monetary "judgment" is sought against Tuttle,

much of the relief sought against Minter would necessarily require official action on the part of the director of the county Welfare Department. The Court of Appeals considered the cause of action against Minter as being one "for illegal suspension of the plaintiff from her position as Social Worker I," and the cause of action against Tuttle as one "in tort * * * for interference with her employment." We shall consider them in the same light.

## I

The question presented by the first cause of action is whether the provisions of R. C. 143.27 authorize a civil service employee to contest the legality of a suspension of five days or less by an action brought directly in the Common Pleas Court.

R. C. 143.27 reads, in pertinent part:

"The tenure of every officer or employee in the classified service of the state and the counties, cities, city health districts, general health districts, and city school districts thereof, holding a position under Sections 143.01 to 143.48, inclusive, of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, *suspended*, or removed, except for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the Director of State Personnel or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office.

"In any case of reduction, *suspension of more than five working days*, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the Director of State Personnel and State Personnel Board of Review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the State

Personnel Board of Review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"In cases of *removal* or *reduction in pay for disciplinary reasons*, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review or the commission to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code." (Emphasis added.)

Under the terms of the statute a suspension for more than five days can only be made after furnishing the employee with a copy of the order of suspension and the reasons therefor. There is no such requirement as to suspensions for five days or less.

An appeal is provided to the State Personnel Board of Review or commission for suspensions of more than five days. None is provided for suspensions of five days or less.

No appeal is provided to the Common Pleas Court from any order of suspension, such appeals (except as to members of the police or fire department of a city)[1] being limited

---

[1]In addition to the language of R. C. 143.27 quoted above, the statute provides:

"In the case of the suspension for any period of time, or demotion, or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city, the appointing authority shall furnish such chief or member of a department with a copy of the order of suspension, demotion, or removal, which order shall state the reasons therefor. Such order shall be filed with the municipal civil service commission. Within ten days following the filing of such order such chief or member of a department may file an appeal, in writing, with the municipal civil service commission. In the event such an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment

to those involving removal, or reduction in rank for disciplinary reasons.

Upon the basis that the language of the first paragraph of R. C. 143.27 prohibited all suspensions except for the causes set forth therein, the Court of Appeals concluded that the question of whether cause existed for a suspension of five days or less could be determined in "an independent action in the Common Pleas Court." We do not agree.

Although the General Assembly has provided, in effect, that even suspensions for five days or less should be made only for cause, its intention to vest final discretion as to the necessity of such short-term suspensions in the appointing authority, subject only to the provisions of R. C. 143.40[2] as to abuse of such power, is apparent from the legislative "design" or "scheme." See 50 Ohio Jurisprudence 2d, 233 *et seq.*, Sections 249 *et seq.*

Examining the statute in the light of its historical

of the appointing authority. An appeal on questions of law and fact may be had from the decision of the municipal civil service commisson to the Court of Common Pleas in the county in which such city is situated. Such appeal shall be taken within thirty days from the finding of the commission."

[2]R. C. 143.40 reads:

"When the State Personnel Board of Review or a municipal civil service commission has reason to believe that any officer, board, commission, head of a department, or person having the power of appointment, layoff, suspension, or removal, has abused such power by making an appointment, layoff, reduction, suspension, or removal of an employee under his or their jurisdiction in violation of Sections 143.01 to 143.48, inclusive, of the Revised Code, the board or commission shall make an investigation, and if it finds that such violation of Sections 143.01 to 143.48, inclusive, of the Revised Code, or the intent and spirit of such sections has occurred, it shall make a report to the Governor, or in the case of a municipal officer or employee, the commission shall make a report to the mayor or other chief appointing authority, who may remove forthwith such guilty officer, board, commission, head of department, or person; an opportunity first having been given to such officer or employee, of being publicly heard in person or by counsel in his own defense, and such action of removal by the Governor, mayor, or other chief appointing authority is final except as otherwise provided in Sections 143.01 to 143.48, inclusive, of the Revised Code."

background, we find that, effective October 27, 1961, the General Assembly, by repealing R. C. 143.26 and amending R. C. 143.27 (129 Ohio Laws 1330) combined into a single statute some of the provisions previously contained in the two. Prior to such time the appointing authority was given specific authority to suspend "for purposes of discipline" not exceeding 30 days with no right of appeal, as to suspensions, except members of police and fire departments. The amendment of 1961, while employing different language as to tenure and directing the appointing authority not to suspend, even for five days or less, except for certain causes, modified the authority of the civil service commission or State Personnel Board of Review only by the authorization to hear appeals as to suspensions of more than five days; before that time, the commission or board was authorized to hear appeals as to suspensions only if they exceeded 30 days. No change was made respecting the authority of the Common Pleas Courts.

We conclude that the 1961 amendment was not intended to so depart from the legislative scheme long in effect as to authorize "an independent action" in the Common Pleas Courts to test whether cause actually existed for a suspension of five days or less. To so conclude would mean that the General Assembly intended to provide only for an appeal to the Civil Service Commission or the State Personnel Board of Review where the suspension exceeded five days but intended to authorize an independent action in the Common Pleas Court where the suspension was five days or less. We cannot conclude that the language actually employed would authorize such an anomalous result.

We hold, therefore, that a complaint filed in the Common Pleas Court by a civil service employee seeking to test the legality of an order of the appointing authority suspending such employee for five days or less does not state a cause of action for which relief may be granted.

To the extent that the first cause of action might be construed as seeking a "judgment" for monetary damages against Minter, our discussion below in Part II would also be applicable to such a claim.

## II

Tuttle is alleged to have maliciously induced Minter to suspend plaintiff, and upon that basis the Court of Appeals concluded that an "action in tort" is stated against Tuttle "for interference with [plaintiff's] employment." We disagree.

Tuttle is alleged to have been "in a supervisory position over the plaintiff at the time of the acts complained of."

Causes of action have been recognized against "outsiders" for malicious interference with employment. *Johnson* v. *Aetna Life Ins. Co.* (1914), 158 Wis. 56, 147 N. W. 32. Where, however, the act complained of is within the scope of a defendant's duties, a cause of action in tort for monetary damages does not lie. Nor can liability be predicated simply upon the characterization of such conduct as malicious. See *Caverno* v. *Fellows* (1938), 300 Mass. 331, 15 N. E. 2d 483; *Feely* v. *McAuliffe* (1948), 335 Ill. App. 99, 80 N. E. 2d 373; *Beane* v. *Weiman Co.* (1969), 5 N. C. App. 279, 168 S. E. 2d 233; *Ross* v. *Wright* (1934), 286 Mass. 269, 190 N. E. 514, 98 A. L. R. 468, and cases cited.

As stated in *Johnson* v. *Aetna Life Ins. Co., supra,* "Malice makes a bad case worse, but does not make wrong that which is lawful."

Essentially, the freedom from potential personal liability in a case such as this is founded upon public policy considerations. The classic statement of the principle here applicable was given by Judge Learned Hand in *Gregoire* v. *Biddle* (1949), 177 F. 2d 579, 581:

" * * * The justification for * * * [denying recovery] is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties."

We hold that this principle applies to a case where monetary damages are sought by a civil service employee from a supervisory employee for allegedly maliciously in-

214

ducing the appointing authority of the civil service employee to suspend such employee for a period of five days or less, and that no cause of action was stated in plaintiff's petition against defendant-appellant Tuttle.

The judgment of the Court of Appeals is reversed, and final judgment is entered for appellants.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and BROWN, JJ., concur.