78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheila HAYNES, Plaintiff-Appellant,
v.
The KIRBY COMPANY; Michael Roaldi; Great Lakes
Opportunities, Inc.; and Marshall Herron,
Defendants-Appellees.
 No. 94-4276.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1996.
 
 Before: MARTIN, GUY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sheila Haynes appeals the district court's award of summary judgment in favor of the defendants on all counts in her complaint alleging gender discrimination and breach of contract. Jurisdiction below was based on diversity of citizenship, and Haynes' complaint is based entirely on alleged violations of Ohio law. After careful review of the record, we agree with the district court that all of the defendants were entitled to summary judgment.
 
 
 2
 The Kirby Company manufactures vacuum cleaners. Haynes began a series of distributorship agreements with Kirby in 1983, in which she agreed to purchase and sell Kirby vacuum cleaners. The agreements were renewed annually, and in 1988 the parties entered into the agreement governing this dispute. Under the agreement, Haynes agreed to distribute Kirby vacuum cleaners in a certain geographic area, to hire a sales force, and to maintain an office facility with a sales meeting room pursuant to Kirby standards. Haynes' hiring and supervisory practices were to be conducted in accordance with Kirby procedures, which were set forth in the distributorship agreement. Haynes also agreed to meet a quota of yearly sales set by Kirby, and to provide customer service for Kirby products.
 
 
 3
 Paragraphs fourteen and fifteen of the distributorship agreement set forth the nature of the relationship between Haynes and Kirby and the procedures for termination of the agreement. Paragraph 14(a), entitled "Independent Contractor Status," states:
 
 
 4
 The relationship established by this Agreement is that of vendor and vendee, and all obligations to be performed by Distributor under this Agreement shall be performed by [her] as an independent contractor, Distributor is responsible for filing and paying all necessary federal, state, and local taxes. In particular, Distributor will not be treated as an employee with respect to any services for federal or state tax purposes. Except as expressly provided in this Agreement, the Company shall exercise no control over the selection of Distributor's customers, Dealers, Area Distributors, employees, agents or representatives. The full cost or responsibility for recruiting, hiring, firing, terminating and compensating independent contractors and employees of Distributor shall be borne by Distributor.
 
 
 5
 During the course of the agreement, Haynes did not receive a salary or benefits from Kirby and she paid her own taxes, representing on her tax forms that she was self-employed.
 
 
 6
 The agreement also provided for termination by either party, both with and without cause:
 
 
 7
 Either party shall have the right to terminate this Agreement, without cause, subject to State law if applicable, at any time by giving notice to the other party not less than: (1) thirty (30) days written notice prior to the effective date of such termination by Distributor; or (2) ninety (90) days written notice prior to the effective date of such termination by the Company.
 
 
 8
 Under the express terms of the agreement, notice was given upon deposit of the written notice in the United States mail.
 
 
 9
 Finally, the agreement contained a provision which limited Kirby's liability upon termination of the contract:
 
 
 10
 The Company shall not be liable to the Distributor for any damages or losses of any kind whatsoever, including lost good will, lost profits or incidental or consequential damages, whether directly or remotely sustained or caused by negligence, or by reason of any termination of this Agreement. Termination of this Agreement shall not operate as a cancellation of any indebtedness owing to one party by the other at the time of such termination.
 
 
 11
 The agreement between Haynes and Kirby was assigned by Haynes to L & S Enterprises, Inc., a corporation owned by Haynes. L & S took over Haynes' rights and obligations under the agreement, with Haynes personally maintaining full managerial responsibilities of the distributorship.
 
 
 12
 In 1990, defendant Michael Roaldi independently contracted with Kirby vacuum cleaners as a "divisional supervisor" of Kirby's operations. Roaldi's division included Haynes's distributorship. Although Roaldi had no power to enter into or terminate distributorships on behalf of Kirby, he could recommend termination to Kirby's officers. Roaldi's duties included the implementation of new Kirby policy regarding its distributors' business practices. In performance of these duties, Roaldi forbade certain cutthroat activities by Kirby distributors, which included predatory pricing activities, and the practice of persuading dealers working for one distributor to join the sales force of a different distributor. During this time period, Roaldi set forth several new Kirby policies designed to stop such practices. In addition, although he never specifically threatened to terminate any of the distributorships in his region, Roaldi did claim that he would recommend some distributors to Kirby for termination.
 
 
 13
 Ultimately, Roaldi and Kirby's vice president of sales Marshall Herron reviewed Haynes's distributorship to determine whether Haynes was complying with the new Kirby policies. Haynes received a poor review and, on June 29, 1990, Kirby sent Haynes a notice of "without cause" termination of the distributorship agreement effective September 26, 1990, eighty-nine days from the date of mailing.
 
 
 14
 Haynes subsequently filed this claim in district court, alleging that Kirby's termination of the distributorship agreement violated Ohio's prohibition of gender discrimination under Ohio Rev.Code § 4112.02(A). Haynes also claimed that Kirby breached the distributorship agreement and an implied covenant of good faith and fair dealing, and that Kirby was unjustly enriched by Haynes' recruitment of new distributors. Finally, Haynes claimed that the defendants tortiously interfered with Haynes' agreement with Kirby.
 
 
 15
 We conduct a de novo review of the district court's award of summary judgment. Street v. J.C. Bradford, Co., 886 F.2d 1472, 1479 (6th Cir.1989). Summary judgment is appropriate where there exists no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The test requires a court to determine "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1310 (6th Cir.1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)). For the purposes of a summary judgment motion, a court must view the evidence in the non-moving party's favor to determine whether a genuine issue of material fact exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The initial burden is on the moving party to show that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. Street, 886 F.2d at 1479. If the moving party satisfies its initial burden, the burden shifts to the non-moving party to present "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 16
 Haynes first claims that the district court erred in awarding summary judgment on her gender discrimination claim under Ohio Rev.Code § 4112.02(A), which makes it unlawful:
 
 
 17
 For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
 
 
 18
 In its order, the district court noted that, under Ohio law, an assignee takes the place of the assignor and assumes all rights and obligations of the assignor. Inter Insurance Exchange of Chicago Motor Club v. Wagstaff, 59 N.E.2d 373, 375 (Ohio 1945). The court believed that, because Haynes assigned the agreement to L & S, she could not personally bring a claim of gender discrimination against Kirby, Roaldi, and the rest of the named defendants. According to the district court, Haynes's assignment of the distributorship extinguished any rights Haynes had by virtue of the distributorship contract.
 
 
 19
 We agree with the district court that summary judgment in favor of the defendants was appropriate here. However, we do not decide whether incorporating oneself automatically severs the relationship between a manufacturer and a distributor in a way that forecloses a gender discrimination claim. Instead, we believe Haynes's status as an independent contractor forecloses her claim under § 4112.02(A).
 
 
 20
 This Court has already held that § 4112.02(A) does not apply to independent contractors. Eyerman v. Mary Kay Cosmetics, Inc., 967 F.2d 213, 218 (6th Cir.1992). Accordingly, in order for Haynes to come within the reach of the statute, her relationship with Kirby must be an employer-employee relationship rather than an independent contractor relationship. In Ohio, courts distinguish employee and independent contractor status by "determining whether the employer has the right to control the manner in which the work is performed." Id. (citing Marshall v. Aaron, 472 N.E.2d 335, 337 (Ohio 1984)). Haynes has not presented facts sufficient to show that a genuine issue exists as to whether she was an employee. The agreement specifically characterized Haynes as an independent contractor and Kirby paid no salary or benefits to Haynes. Further, Kirby did not withhold or pay taxes on behalf of Haynes. Haynes represented that she was self-employed on her tax returns. Haynes has presented facts showing that Kirby rigorously demanded compliance with an extensive Kirby policy framework. Nonetheless, this evidence, standing alone, is not enough to raise a genuine issue of fact as to whether Haynes enjoyed an employer/employee relationship with Kirby instead of the independent contractor status expressly mentioned in the parties' agreement. See Ware v. United States, 67 F.3d 574, 577 (6th Cir.1995) (noting that "the extent of control the hiring party exercises over the details of the product is not dispositive") (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 752 (1989)).
 
 
 21
 Haynes also claims that Roaldi, Great Lakes, Herron, and Kirby conspired to violate § 4112.02(A). Because, as stated above, § 4112.02(A) does not apply to Haynes' relationship with Kirby, the district court correctly awarded summary judgment in favor of the defendants on this count.
 
 
 22
 The district court also correctly found that Kirby did not breach the distributorship agreement when it terminated its relationship with Haynes. The distributorship agreement provided for termination without cause upon ninety days written notice. Kirby mailed its notice of termination on June 29, 1990, stating its intent to terminate the agreement as of September 26. The period from June 29 to September 26 is eighty-nine days. In Ohio, absent proof of a wilful failure to perform, substantial performance of contract duties is all that is required. Ashley v. Henahan, 47 N.E. 573, 575 (Ohio 1897). Haynes presents no evidence indicating that Kirby's failure to comply strictly to the ninety day requirement was a wilful failure to perform. Accordingly, Haynes' breach of contract claim fails as a matter of law.
 
 
 23
 Haynes also claimed that Kirby's actions constituted a breach of a covenant of good faith and fair dealing. We agree with the district court that Ohio does not recognize an independent cause of action for breach of a covenant of good faith and fair dealing for independent contractor relationships terminable at will. See, e.g., Sheets v. Rockwell Int'l Corp., 588 N.E.2d 271, 275 (Ohio Ct.App.1990) (finding no independent cause of action for breach of covenant of good faith and fair dealing in employment at will relationship). The district court properly awarded summary judgment on this count.
 
 
 24
 Turning to Haynes' claim for relief under an unjust enrichment theory, Ohio recognizes that "[a]n action for unjust enrichment will lie where a party retains money or a benefit that in equity or justice belongs to another." Eyerman, 967 F.2d at 222 (citations omitted). However, no recovery is permitted where the defendant has retained the disputed benefit under the express terms of a contract between the parties unless the plaintiff can show fraud, illegality, or bad faith in the formation of the contract. Id. Here, Haynes grounds her claim for unjust enrichment in a Kirby-sponsored "Road to Success" program, which created incentives for existing Kirby distributors to recruit new distributors. The program financially compensated recruiting distributors on the basis of the new distributors' sales. Haynes claims that she is entitled to compensation for the two new distributors that she recruited under this program.
 
 
 25
 Haynes's argument fails. The express terms of the program state that one must be a distributor to receive compensation for new distributor recruitment. If an individual ceases to be a distributor, then that individual's right to compensation under the program also ceases. When Kirby terminated its distributorship agreement with Haynes, Haynes was no longer a "distributor" entitled to compensation. Under the express terms of the Road to Success program, Kirby appropriately ceased paying compensation to Haynes when it terminated the agreement. Finally, Haynes' has not established any evidence tending to show that Kirby acted in bad faith or fraudulently during the formation of the contract. Accordingly, Haynes is not entitled to compensation for unjust enrichment on this issue.
 
 
 26
 Similarly, Haynes' claim for loss of good will and her sales force under an unjust enrichment theory is without merit. The terms of the distributorship agreement expressly state that termination under the terms of the agreement shall not create an action for damages for loss of good will or any other claim. Haynes has not offered evidence showing bad faith or fraud by Kirby, and, under Ohio law, Haynes cannot proceed under an unjust enrichment theory of relief. Aultman Hosp. Ass'n v. Community Mut. Ins. Co., 544 N.E.2d 920, 924 (Ohio 1989) (holding that fraud, illegality, or bad faith is necessary to recover disputed money or benefits held by a defendant under the express terms of an agreement).
 
 
 27
 Finally, Haynes claims that Roaldi, Herron, and Great Lakes tortiously interfered with her contractual relationship with Kirby. Ohio does recognize a cause of action for malicious interference with an employment contract. See Anderson v. Minter, 291 N.E.2d 457, 461 (Ohio 1972). However, a defendant's actions are privileged and no cause of action for tortious interference with contract exists where "the defendant had a duty or right to intrude upon the employment relationship," Stiles v. Chrysler Motors Corp., 624 N.E.2d 238, 244 (Ohio Ct.App.1993) (citations omitted), and the defendant acted within the scope of his or her duties. Anderson, 291 N.E.2d at 461. Here, the district court correctly concluded that all of the defendants named in the tortious interference count were acting within the scope of their duties when Kirby terminated Haynes as a distributor.[1] Therefore, the district court's award of summary judgment on this count was proper.
 
 
 28
 In sum, the district court properly awarded summary judgment in favor of the defendants on all of Haynes' claims, and the judgment is AFFIRMED.
 
 
 
 [1]
 We do not believe that the fact that Roaldi was an independent contractor rather a Kirby employee affects the privilege here. Roaldi's specific duties as an area distributor were to implement policy, and supervise and review distributors within his geographic region