This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jerry Robinson appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment to appellees, the Springfield Local School District Board of Education, the Superintendent, the Business Manager, and four members of the Board. This Court affirms in part, reverses in part, and remands for further proceedings consistent with this opinion.
 I.
Jerry Robinson had been employed for over ten years as a custodian under a continuing employment contract with the Springfield Local School District Board of Education ("Board"). This matter arises out of the termination of Robinson's employment in January, 1998. Following the decision by the Board to terminate his employment contract, Robinson pursued an administrative appeal to the Summit County Court of Common Pleas under R.C. 3319.081(C). That court affirmed the decision of the Board, Case No. CV 98 01 0240, and, on further review, this Court also affirmed the judgment of the trial court. Robinson v. Springfield LocalSchool Dist. Bd. of Edn. (2001), 144 Ohio App.3d 38.
While the administrative appeal was pending before the trial court, Robinson initiated a civil complaint, which forms the basis of the present appeal. The civil action was filed in the same court as the administrative appeal, the Summit County Court of Common Pleas, but was assigned to a different judge and received its own case number, CV 00 01 0163. Through that complaint, Robinson has alleged: (1) violation of R.C. 121.22, part of the Ohio Sunshine Law, by the Board in the administrative proceeding, (2) breach of contract by four members of the Board, Beth Brinkley, Robert Collins, William Kittinger, and Fabian Schadle ("Members"), and (3) tortious interference with his employment contract by the Superintendent, Tucker Self ("Superintendent") and Business Manager, Daniel Laskos ("Business Manager").
Appellees moved to dismiss counts one and two of the civil action on the grounds of res judicata and count three, for lack of jurisdiction, contending that the claim alleged an unfair labor practice which was within the exclusive jurisdiction of the State Employment Relations Board ("SERB"). Appellees attached seven documents to their motion. Those documents purported to be copies of various documents and court filings from the administrative appeal.[1] Robinson opposed the motion, contending that res judicata may not be raised by a motion to dismiss under Civ.R. 12(B) and is otherwise not applicable. Robinson also asserted that the third claim does not represent an unfair labor practice. The trial judge converted the motion to a motion for summary judgment as to the first two counts, but withheld decision, pending final judgment in the administrative appeal. The trial judge also denied the motion to dismiss as to the third count.
Following entry of judgment in the administrative appeal, appellees sought leave to file a supplemental motion in the present matter. The trial court granted the request and ordered appellees to supplement their original motion by August 31, 2000, and Robinson to respond by September 29, 2000.
Appellees timely filed a Supplemental Motion for Summary Judgment, and incorporated their initial motion to dismiss by reference. They attached an apparent copy of the judgment entry and opinion of the trial judge in the administrative appeal to their motion for summary judgment. In their argument, appellees asserted that there remained no genuine issues of fact and that they were entitled to judgment as a matter of law because the issues presented by the three claims in the case at bar had been previously decided in the administrative appeal and were barred, therefore, by the doctrine of res judicata. Appellees also reasserted their argument that the court was without jurisdiction to consider the third claim because it alleged an unfair labor practice.
Robinson opposed, contending that the present claims were not fully litigated in the administrative proceeding and that the present action seeks relief not available to him in the previous administrative proceeding. To his memorandum, Robinson attached purported copies of five documents from the administrative proceeding, including the judgment entry and opinion of the trial judge.[2] Each party filed an additional response, presenting legal arguments.
Thereupon, the trial court in the case at bar granted summary judgment to appellees, finding all three claims to be barred by res judicata, and in addition, finding that the third claim failed to state a cause of action for tortious interference with contract. Appellant has timely appealed, presenting two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR THE COMMON PLEAS COURT ERRED IN FINDING THAT RES JUDICATA PRECLUDED APPELLANT FROM LITIGATING COUNTS ONE, TWO AND THREE OF APPELLANT'S COMPLAINT. [RECORD REFERENCE OMITTED.]
 SECOND ASSIGNMENT OF ERROR THE COMMON PLEAS COURT ERRED IN FINDING THAT APPELLANT FAILED TO ASSERT A CAUSE OF ACTION FOR INTERFERENCE WITH A CONTRACT AGAINST THE SCHOOL SUPERINTENDENT AND THE BUSINESS MANAGER. [RECORD REFERENCES OMITTED.]
In his first assignment of error, appellant disputes the applicability of res judicata to the prior administrative proceeding and makes three arguments in support. First, appellant maintains that the trial judge erred in finding that he had a quasi-judicial hearing in his administrative appeal. Second, he maintains that the issues were not fully litigated in that proceeding. Third, Appellant maintains that the trial court erred in relying upon a document that was not properly authenticated pursuant to Civ.R. 56.
In his second assignment of error, appellant contends that the trial court erred in finding that the claim of tortious interference with contract by the Superintendent and Business Manager failed to state a claim.
 A. Summary Judgment
In accordance with Civ.R. 56, a court will not grant a summary judgment motion unless it appears from the evidence that there is no genuine issue as to any material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion which is adverse to the nonmoving party. Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The moving party bears the initial burden of informing the trial court of the basis of the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. If the moving party satisfies its burden, the nonmoving party has a reciprocal burden to set forth specific facts establishing the existence of a genuine issue of fact. Id. See, also, Civ.R. 56(E). The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates the existence of a genuine dispute over the material facts. If the nonmoving party fails to respond in accordance with Civ.R. 56(E), summary judgment, if appropriate, shall be entered. Dresher,75 Ohio St.3d at 293. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
An appellate court will review summary judgment de novo. Helton v.Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the nonmoving party. Id.
Therefore, the appellees had the initial burden of establishing that there remains no genuine issue of material fact and that they are entitled to judgment as a matter of law as to all issues upon which summary judgment is sought. The burden shifts to the nonmoving party only if this burden is first satisfied. Dresher, 75 Ohio St.3d at 292-93.
 B. Res Judicata and Collateral Estoppel
Under Ohio law, the doctrine of res judicata consists of both claim preclusion and issue preclusion. Ft. Frye Teachers Assn., OEA/NEA v. StateEmp. Relations Bd. (1998), 81 Ohio St.3d 392, 395. Pursuant to the concept of claim preclusion, a valid final judgment rendered upon the merits, will bar subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
The concept of issue preclusion, also known as collateral estoppel, will preclude the relitigation of a fact or point that was actually and directly at issue in a previous proceeding between the same parties or their privies, and was passed upon and determined by a court of competent jurisdiction. See Ft. Frye, 81 Ohio St.3d at 395; Goodson v. McDonoughPower Equip., Inc. (1983), 2 Ohio St.3d 193, paragraph one of the syllabus; Trautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493, syllabus;Norwood v. McDonald (1943), 142 Ohio St. 299, paragraph three of the syllabus. Notably, "[i]t is not enough that a similar issue * * * was litigated and decided * * *. For collateral estoppel to bar the relitigation of an issue, precisely the same issue must have previously been litigated and decided." Thompson v. Wing (1994), 70 Ohio St.3d 176,185. (Emphasis sic.) Therefore, the party asserting preclusion by collateral estoppel must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action. Goodson, 2 Ohio St.3d at 200-01.
The Ohio Supreme Court has summarized the distinction in this way:
 While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. `In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit.'
Ft. Frye, 81 Ohio St.3d at 395, quoting Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 112.
In the case at bar, claim preclusion is relevant to the first count, involving the Ohio Sunshine Law. Issue preclusion, or collateral estoppel, is relevant to the second and third counts involving breach of contract and tortious interference of contract.
 C. Res Judicata as Applied to Administrative Proceedings
"[R]es judicata, whether issue preclusion or claim preclusion, applies to those administrative proceedings which are `of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding * * *.'" Set Prods., Inc. v. Bainbridge Twp.Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 263, quoting Superior'sBrand v. Lindley (1980), 62 Ohio St.2d 133, syllabus. See, also, Jacobsv. Teledyne, Inc. (1988), 39 Ohio St.3d 168, 169; Stanton, v. Trimble,Admr. Bur. of Workers' Comp., et al. (Sept. 29, 1993), Summit App. No. 16055.
This Court first addresses appellant's argument regarding the authentication of documents for summary judgment pursuant to Civ.R. 56. Next, this Court addresses each of appellant's claims in the present action in light of the relevant principles of res judicata. Finally, this Court considers the question of whether the trial court erred in finding that appellant has failed to state a claim for tortious interference with contract.
 III. Legal Analysis A. Materials submitted in regard to Summary Judgment
Appellees attached a copy of the judgment entry and opinion of the trial judge in the administrative appeal to their motion to dismiss and also to their request for summary judgment. On appeal, appellant asserts that the document was not properly authenticated pursuant to Civ.R. 56 and, therefore, the trial court erred in relying upon it.
Civ.R. 12(B) provides that when a motion to dismiss invokes matters outside the pleadings, the motion shall be treated as a motion for summary judgment. The rule further provides, however, that "the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56." Civ.R. 12(B). Civ.R. 56(C) enumerates the types of documents that may be submitted in support of a motion for summary judgment. They include: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Civ.R. 56(C). Uncertified and unsworn copies are not the type of documentary evidence specified in Civ.R. 56(C). Brown v. Vaniman (Oct. 20, 2000), Montgomery App. No. 18139, unreported. "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 222, citing State ex rel. Corrigan v. Seminatore
(1981), 66 Ohio St.2d 459, 467.
In the present appeal, appellant has asserted that the trial judge erred in considering a purported copy of the opinion of the trial judge in the administrative appeal. However, appellant failed to raise this objection below. Appellant did enter an objection below on the basis thatres judicata could not be raised on a Civ.R.12(B) motion, but he did not object to the fact that the document is not one of those specifically enumerated by Civ.R. 56(C) or otherwise authenticated by affidavit, as required by Civ.R. 56(E).
Generally, errors which arise during the course of the proceedings and are not brought to the attention of the trial court by objection, or otherwise, at the time they could be remedied, are waived and may not be reviewed on appeal. See LeFort v. Century 21 — Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Furthermore, absent objection, a court may consider documents other than those specified in Civ.R. 56(C). Brownv. Ins. Co. (1978), 63 Ohio App.2d 87; Bowmen v. Dettelbach (1996),109 Ohio App.3d 680, 684. Consequently, any error in this regard was waived.
Furthermore, appellant cited to the same document in his opposing memorandum and attached it without an authenticating affidavit.[3] He continues to refer to it in this Court. In so doing, appellant has, at the least, conceded or agreed to, the authenticity of the document. Therefore, he cannot complain that the trial court considered the document and any reliance upon it cannot be grounds for error. Dinnin v.Bencin (July 30, 1998), Cuyahoga App. No. 73141, unreported.
 B. Res Judicata applied to present legal claims
In the present case, appellant has presented claims alleging violations of R.C. 121.22, part of Ohio's "Sunshine Law," breach of contract by the Board, and interference of contract by the Superintendent and the Business Manager.
As the moving party below, appellees bore the burden of establishing that there remained no genuine issues of fact and that they are entitled to judgment as a matter of law on each of the above claims. Furthermore, in order to establish that res judicata is applicable to the administrative proceedings, the moving party must demonstrate that the administrative proceedings were of a judicial nature and offered the parties an ample opportunity to litigate their claims. Finally, appellees bore the additional burden of establishing either that appellant is attempting to relitigate the same cause of action after a final judgment on the merits, or that appellant is attempting to relitigate "precisely the same" issues that were "actually and necessarily decided" in the prior action against the same parties or their privies. Goodson,2 Ohio St.3d at 197, citing Parklane Hosiery Co. v. Shore (1979), 439 U.S. 322. See, also, Superior's Brand v. Lindley (1980), 62 Ohio St.2d 133, 137.
 1. Ohio's Sunshine Law
R.C. 121.22 sets forth guidelines regarding the carrying out of official business by public officials in open meetings. In the present case, appellant has alleged that the Board violated the statute by excluding him from its deliberations, by taking a public vote on an unspecified resolution, and by making no record of the Board's executive session. Appellees contend that this is same cause of action that was raised in the administrative appeal and is, therefore, barred by resjudicata.
According to its opinion, which has been made a part of the record in this case, the trial court in the administrative appeal considered the application of this statute to the administrative proceedings before the Board. The court re-stated the assignment of error from appellant's brief to be as follows:
 Did the Board comply with the provisions of O.R.C. 121.22
when it discussed Appellant's termination in Executive Session and made no record of the deliberations?
The court below considered the issue and concluded that the Board did not fail to comply with the open meeting law during the administrative proceeding. Specifically, the court found that the Board voted unanimously to conduct an executive session for the purpose of discussing a personnel matter, namely the recommendation of the principal that appellant's employment contract be terminated. The trial court also found that the Board obtained a proper, public vote on the Resolution terminating appellant's employment contract. Finally, the trial court found that the record did not indicate that appellant entered a timely request for a public hearing.
Appellant has asserted that the trial court in the administrative proceeding failed to address his claim of a lack of record of the executive session. R.C. 121.22(C) specifically provides that the minutes of regular or special meetings of any public body shall be prepared, filed, maintained and open to public inspection. However, the law also provides that the minutes of any discussions in executive sessions regarding personnel matters "need only reflect the general subject matter." R.C. 121.22(C).
The materials submitted by appellees below met their initial burden in terms of establishing claim preclusion, that is, that the same cause of action was decided in the previous case, and was fully litigated as appellant's claim of a Sunshine Law violation was a legal determination with no facts in dispute. See Ft. Frye Teachers Assn., OEA/NEA v. StateEmp. Relations Bd. (1998), 81 Ohio St.3d 392, 395; Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293. In response, appellant made a legal argument, asserting that res judicata is not applicable because he seeks different relief in the present action. The Ohio Supreme Court has indicated its adherence to the "modern application" of the doctrine ofres judicata, insofar as it will bar efforts to seek additional forms of relief not demanded in the first action. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 382. Therefore, appellant has not met his burden of going forward by presenting evidence that establishes a genuine issue of material fact. Accordingly, this claim is barred by res judicata and the argument is without merit.
 2. Breach of Contract
In regard to the breach of contract claim in the case at bar, appellant has asserted that the trial judge below erred in finding that a quasi-judicial hearing was conducted in the prior administrative proceeding. Appellant also asserts that he did not, and could not, fully litigate his claims in that proceeding. This Court agrees.
In its final order, the court below found that a quasi-judicial hearing was conducted regarding appellant's termination. The order states, in relevant part:
 Upon return from the executive session, the Board voted to terminate Plaintiff's employment contract. In the Administrative Appeal, the court granted Appellant's request to submit additional evidence. A hearing was held thereon.
 Thus, in the matter, the Court finds that a quasi-judicial hearing was held relative to the recommendation of Plaintiff's termination. Plaintiff pursued their administrative remedy, in which Plaintiff was afforded the opportunity to present additional evidence. Thus, the Court finds that Plaintiff's claims contained in Counts One and Two (violation of the Ohio Sunshine Law and breach of contract) were fully and fairly litigated. Therefore, Plaintiff is precluded by the doctrine of res judicata from relitigating these claims in this action.
The trial court found, therefore, that a hearing was held in the court of common pleas during the administrative appeal. The court found that the hearing was held upon the additional evidence submitted regarding the termination of appellant's employment. That question would represent the central substantive question in the case. The court further determined that the hearing was quasi-judicial and relied upon this finding in order to conclude that appellant's claim was fully litigated and that further litigation of the claim could be precluded on the basis of res judicata.
In our own appellate review of the same administrative proceeding, this Court specifically found that no such hearing was held. Robinson v.Springfield Local School Dist. Bd. of Edn. (2001), 144 Ohio App.3d 38,46-47. According to this Court's opinion in the prior case, the only hearing that was held in the trial court during the administrative appeal was a hearing regarding the scope of the court's review and regarding possible areas of insufficiencies in the administrative record. This is not the same thing as a hearing wherein evidence is taken and witnesses are examined and cross-examined upon substantive issues related to the merits of a case. In Green v. City of Akron (Oct. 1, 1997), Summit App. No. 18284, 18294, unreported, this Court found that the parties had "ample opportunity to litigate" their case at the administrative hearing where they were represented by counsel, presented evidence, and examined witnesses. This Court found that this was the sort of hearing to which the Ohio Supreme Court intended res judicata to attach.
In order to have preclusive effect, the identical issue must have been "actually and necessarily litigated and determined" previously. Armeighv. Baycliffs Corp. (1998), 81 Ohio St.3d 247, 249. It is well established that:
 The main legal thread which runs throughout the determination of the applicability of res judicata,
inclusive of the adjunct principle of collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be "heard" in the due process sense.
Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193,200-01.
Since the trial court based its conclusion on a fact that does not have support in the record and since the record itself fails to indicate that the proceedings in the administrative action were of the type to whichres judicata should attach, the result cannot stand. The application of collateral estoppel would deny appellant the right to litigate an issue that he did not fully litigate in the administrative proceeding. The trial court erred in finding that the breach of contract claim is barred. The assignment of error in regard to this claim is well taken.
 3. Tortious Interference with Contract
In order for the prior decision to bar the present claim for tortious interference by the Superintendent and Business Manager, appellees were obligated by the principles of collateral estoppel to establish an identity of the parties or their privies in both actions. State ex rel.Westchester Estates, Inc. v. Bacon (1980) 61 Ohio St.2d 42, 44. See, also, Brown v. Dayton (2000), 89 Ohio St.3d 245, 247.
Neither the Superintendent or the Business Manager were parties to the prior lawsuit, that action being a termination proceeding brought by the Board against appellant. It was the Board that employed and discharged appellant, not the Superintendent or the Business Manager.
The question then becomes whether the Superintendent or the Business Manager were in privity with the Board in the prior lawsuit. The "identity of parties is not a mere matter of form, but of substance."Goodson, 2 Ohio St.3d at 200, quoting Sunshine Anthracite Coal Co. v.Adkins (1940), 310 U.S. 381, 402, 84 L.Ed. 1263, 1276. In ascertaining whether there is an identity of such parties, a court must look behind the nominal parties to the substance of the cause to determine the real parties in interest. Goodson, 2 Ohio St.3d at 200, quoting State ex rel.Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, paragraph two of the syllabus. Privity exists when the party and the other individual have mutual interests, including the same desired result. Deaton v. Burney
(1995) 107 Ohio App.3d 407, 413. Parties associated to the extent they represent the same legal right are considered to be in privity. Id. Therefore, this Court looks to the substance of appellant's claims, evaluating whether the Superintendent and Business Manager have the same interest as the board, including the same desired result, and whether they represent the same legal right.
In the case at bar, appellant has alleged that the Superintendent and the Business Manager improperly sought the termination of his employment contract because of involvement in union activities and that they did so by knowingly making false statements to the Board. Therefore, by virtue of the issues of this case, it cannot be said that the Superintendent and Business Manager were so aligned with the Board that they shared mutual interests, including the same desired result. Because the Superintendent and Business Manager were not parties to the action below, nor in privity with the Board, collateral estoppel is not applicable to the claim of interference with contract and does not preclude the present litigation. The argument is well taken.
 C. Failure to State a Cause of Action
Because this Court found summary judgment not properly granted as to the third claim on the basis of res judicata, this Court will proceed to consider the alternate ground put forth by the trial court in support of dismissal of the third claim. As an alternative ground supporting dismissal, the court below found that appellant failed to state a cause of action for tortious interference against the Superintendent and Business Manager. Appellees contend that the trial court is correct because the Superintendent and Business Manager were "necessarily part" of the employment contract between appellant and the Board and, therefore, could not interfere with their own contract. Appellant contends that they were not, in fact, parties to the contract and that the record does not support such a conclusion. This Court finds that the claim of tortious interference cannot be dismissed for failure to state a claim.
Notwithstanding any argument regarding whether or not the Superintendent and Business Manager are parties to the employment contract, those individuals are also employees of the Board and were co-employees of appellant. As such, they are subject to a cause of action for tortious interference of contract by appellant as fellow employees.Sooy v. Ross Incineration Serv., Inc. (Oct. 20. 1999), Lorain App. No. 98CA007031, unreported.
As an employee, appellant has a right to pursue employment free from interference by third parties. Id., citing Contadino v. Tilow (1990),68 Ohio App.3d 463, 467. An employee's interference may be justified and not actionable when it comes within the scope of duties and is not malicious. Where, however, the employee has acted outside the scope of employment he may be liable for tortious interference. Anderson v.Minter (1972), 32 Ohio St.2d 207, 213.
A trial court may grant a motion to dismiss for failure to state a claim upon which relief may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Wilson v. State (1995), 101 Ohio App,.3d 487, 491. For purposes of the Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party. Shockey v. Wilkinson (1994), 96 Ohio App.3d 91, 93. This court reviews a dismissal under Civ.R.12 (B)(6) de novo. Hunt v. MarksmanProds., Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
Appellant has claimed that the Superintendent and the Business Manager improperly sought the termination of his employment contract because of involvement in union activities and that they did so by knowingly making false statements to the Board. Accepting these factual allegations as true and making every reasonable inference in favor of appellant, this Court cannot say that it is beyond doubt that appellant can prove no set of facts that would entitle him to relief. Therefore, this Court finds that the trial court erred in dismissing appellant's claim for tortious interference with contract. Accordingly, the second assignment of error is well taken.
 IV.
The first assignment of error is well taken in regard to the claim for breach of contract and interference with contract. The second assignment of error is also well taken. Summary judgment is affirmed in regard to the first count, alleging violations of the Ohio Sunshine Law. Summary judgment is reversed in regard to the second count, alleging breach of contract, and the third count, alleging interference with contract. The judgment of the court of common pleas is affirmed in part, reversed in part, and remanded for further proceedings.
Judgment affirmed in part, reversed in part, and the cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
BAIRD, P.J. CONCURS
[1] The documents appear to be copies of the following: (1) the Board's Resolution which terminated Robinson's contract of employment, (2) the Notice of Appeal from the Board to the Court of Common Pleas, (3) Robinson's motion for summary judgment in the administrative appeal (4) an order striking Robinson's motion for summary judgment in the administrative appeal, (5) a brief by Robinson filed in the trial court in the administrative appeal, (6) a second brief by Robinson filed in the administrative appeal, and (7) a second reply brief by Robinson filed in the administrative appeal.
[2] The attachments appear to be copies of the following: (1) the Resolution of the Board terminating his employment, (2) his Notice of Appeal to the Court of Common Pleas in the administrative appeal, (3) an order by the trial judge, denying a motion for discovery in the administrative appeal, (4) the judgment entry and opinion of trial judge in the administrative appeal, and (5) the order denying the first motion to dismiss in the case at bar.
[3] Robinson's opposing memorandum was styled: "Plaintiff's Memorandum Contra to Defendant's Supplemental Motion for Summary Judgment." The opinion from the administrative proceeding was attached as Appendix C.