DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas, dismissing an ostensible declaratory judgment action for want of jurisdiction.
 {¶ 2} Appellant, Kathy A. Loparo, is a nurse employed by appellee, Huron County General Health District. On January 10, 2003, appellee's health commissioner suspended appellant from her job for three days without pay.[1] On January 16, 2003, arguing procedural deficiencies, appellant filed a grievance of her suspension to the health commissioner. When the commissioner denied appellant's grievence, she appealed to the Board of Health, which denied the appeal.
 {¶ 3} On April 25, 2003, appellant instituted the present suit which she styled as a "complaint for declaratory judgment and other relief." Appellant maintained that appellee violated its own personnel policy code and that, as a result, her suspension should be deemed a nullity and removed from her record.
 {¶ 4} Appellee responded to appellant's complaint with a motion to dismiss for want of jurisdiction, pursuant to Civ.R. 12(B)(1). Appellee argued that appellant's "declaratory" action was nothing more than a disguised attempt to appeal her suspension and that such an appeal is not permitted under R.C.124.34, the statute governing civil service employees. The trial court, concluding that absent an allegation of a suspension of greater than three days it was without statutory jurisdiction to hear the appeal, granted appellee's motion and dismissed the complaint.
 {¶ 5} From this judgment, appellant now brings this appeal, arguing, in two assignments of error, that 1) the trial court had jurisdiction under the Declaratory Judgment Act, and 2) the trial court erred in dismissing the case, pursuant to Civ.R. 12(B)(6).
 I. Declaratory Judgment {¶ 6} In construing the character of an action, "* * * courts must look to the actual nature
 {¶ 7} or subject matter of the case, rather than to the form in which the action is pleaded." Love v. Port Clinton (1988),37 Ohio St.3d 98, 99 quoting Hambleton v. R.G. Barry Corp.
(1984), 12 Ohio St.3d 179, 183.
 {¶ 8} In this matter, appellant, in her complaint, clearly contested the disciplinary action that appellee imposed. Such a contest is in the true nature of an appeal, governed by R.C.124.34. Consequently, while appellant's complaint is captioned as a request for declaratory judgment, it is in reality an appeal by a classified employee of disciplinary action. Accordingly, appellant's first assignment of error is not well-taken.
 II. Jurisdiction {¶ 9} The trial court, in its judgment entry, used the phrase "the complaint fails to state a claim * * *." This is the language employed by the Supreme Court of Ohio in Anderson v.Minter (1972), 32 Ohio St.2d 207, paragraph one of the syllabus.[2] As explained in Jackson v. Kurtz (1979),65 Ohio App.2d 152, 158, the meaning of Anderson is that the legislature, "* * * provided no procedure for direct appeal from a [three day suspension], and that the statutory authority for such suspension cannot be tested in [the] Court of Common Pleas." Since the authority of the common pleas court to hear matters concerning public employment is solely statutory, see Hyden v.Dept. of Highway Safety (July 7, 1981), 4th Dist.App. No. 768, Stephenson, J., concurring, absent specific statutory authority, the court lacks jurisdiction to hear such an appeal. R.C. 124.34 excepts suspension of three days or less from appeal.Bodnar v. Lordi (Dec. 7, 1999), 7th Dist.App. No. 98CA198. Consequently, the trial court properly granted appellee's motion for dismissal, pursuant to Civ.R. 12(B)(1). Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 10} Upon consideration whereof, the judgment of the Huron Court of Common Pleas is affirmed. Cost to appellant.
JUDGMENT AFFIRMED.
Handwork, P.J., Knepper, J. and Singer, J. concur.
[1] In their briefs, the parties agree that appellant's suspension was for three days. The record, however, is devoid of evidence of the length of the suspension. A suspension document, referenced in appellant's complaint, is missing. The trial court ruled that, because appellant failed to allege a suspension in excess of three days, she failed to establish jurisdiction, pursuant to R.C. 124.34.
[2] Anderson construed R.C. 143.37 which was later renumbered R.C. 124.34. 1973 Am.Sub.S.B. 147. What was originally a five day unappealable suspension was redefined to a three day unappealable suspension. 1978 Am.Sub.H.B. 47 (eff. 3/13/78).