JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} This appeal is from a judgment of the Cuyahoga County Court of Common Pleas, dismissing the claims filed by appellant Herman Weaver ("Weaver") against appellee the City of Cleveland ("the City" or "Cleveland"). For the following reasons, we affirm the decision of the trial court.
 {¶ 3} A review of the record reveals the following facts: Weaver is a civil service employee of the City of Cleveland On February 15, 2003, Weaver and another employee were involved in a verbal confrontation, which resulted in the filing of a complaint against Weaver.
 {¶ 4} On February 26, 2003, the City notified Weaver that a "pre-disciplinary" hearing would be held on March 5, 2003 to determine whether he had committed misconduct. Weaver attended the hearing with a union representative. At the hearing, Assistant Chief of Pipe Repair Jimmy Gates and Assistant Administrator DeAndre Benson, served as the hearing officers. They provided Weaver with statements made by the accuser and his witness, which alleged that Weaver threatened and intimidated the accuser. Weaver was permitted to explain his version of the events and to submit an affidavit from a witness that supported his story. Weaver was not permitted to cross-examine his accuser or the accuser's witness. On March 6, 2003, Commissioner of Water Julius Ciaccia notified Weaver that he would be suspended for ten days, effective March 10, 2003. The ten-day suspension was later reduced to 5 days. Weaver filed a notice of appeal in the Cuyahoga County Court of Common Pleas. The Common Pleas Court found that it lacked jurisdiction to hear the appeal and dismissed the case. Weaver now appeals, setting forth the following sole assignment of error:
 {¶ 5} "I. The trial court erred to the prejudice of appellant Weaver by granting appellee Cleveland's motion to dismiss appellant's administrative appeal, and finding that it does not have subject matter jurisdiction to hear Weaver's administrative appeal."
 {¶ 6} In this assignment of error, Weaver contends that the trial court erred in finding that it lacked jurisdiction to hear his appeal. Weaver argues that the trial court had jurisdiction to hear his appeal under R.C. 2506.01. We disagree.
 {¶ 7} Pursuant to R.C. 2506.01, an individual may appeal from a decision of administrative officers and agencies. Specifically, R.C. 2506.01 provides that:
 {¶ 8} "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located."
 {¶ 9} However, the right afforded by R.C. 2506.01 is limited by Section 121 of the Cleveland City Charter[1] and Civil Service Commission Rule 9.21,[2] which provide that employees may not appeal from suspensions of ten days or less. Charter provisions and rules, which deal with civil service employment and are promulgated pursuant to the home-rule authority of the Ohio Constitution, will prevail over conflicting state civil service provisions as found within the Revised Code. See Jacomin v. Cleveland (1990), 70 Ohio App.3d 163, 165, citing State, ex rel. Bardo v. Lyndhurst (1988),37 Ohio St.3d 106; State Personnel Bd. of Review v. Bay Village Civ. ServiceComm. (Jan. 19, 1986), Cuyahoga App. No. 49919.
 {¶ 10} Since Weaver was suspended for ten days (later reduced to 5), he did not have the right to appeal his suspension before the Civil Service Commission. Accordingly, the trial court did not err in determining that it did not have jurisdiction to hear his appeal. See Loparo v. Huron Cty. Gen. Health Dist., Huron App. No. H-03-025, 2004-Ohio-1041; Bodnar v. Lordi (Dec. 7, 1999), Mahoning App. No. 98 CA 198; Houseman v. Fayette Cty.Dept. of Human Serv. (Jan. 30, 1995), Fayette App. No. CA94-08-006; Klosterman v. Payne (Oct. 27, 1975), Hamilton App. No. C-075044.
 {¶ 11} This assignment of error is overruled.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
 Gallagher and Rocco, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Section 121 provides in pertinent part: "Any person in the classified service of the City who is suspended for more than ten (10) days may appeal from such a decision to the Civil Service Commission within ten days from and after the date of the suspension." By specifying that this length of suspension is appealable, the City inherently precluded an appeal from a suspension of less than ten working days. See Bodnar v. Lordi
(Dec. 7, 1999), Mahoning App. No. 98 CA 198.
[2] CSC Rule 9.21 provides in pertinent part: "The Commission will entertain no appeal from a suspension of ten (10) work days or less."